## S97A1266. HORSLEY v. HORSLEY.
(490 SE2d 392)

THOMPSON, Justice.

We granted an application for discretionary appeal in this divorce case to determine whether the trial court properly applied the "source of the funds" rule when apportioning the parties' respective interests in a marital home which was brought to the marriage. We hold that it did not because it failed to determine the fair market value of the home at the beginning and end of the marriage.

The parties were married in 1988 and lived in a house which the husband purchased 23 years earlier. Due to the parties' joint efforts, the mortgage was reduced by $5,033 during the marriage. Based on these facts alone, the trial court invoked the "source of the funds" rule, and awarded the husband a 61 percent interest in the marital home.

In applying the "source of the funds" rule to the equitable division of a home which was brought to a marriage, the trial court must determine the contribution of the spouse who brought the home to the marriage, and weigh it against the total nonmarital and marital investment in the property. See *Thomas v. Thomas*, 259 Ga. 73, 76 (377 SE2d 666) (1989). That is because the house is not to be considered as a single unit, but as two separate units — one nonmarital and one marital. Id. As we have explained:

> [A] spouse contributing nonmarital property is entitled to an interest in the property in the ratio of the nonmarital investment to the total nonmarital and marital investment in the property. The remaining property is characterized as marital property and its value is subject to equitable distribution. Thus, the spouse who contributed nonmarital funds, and the marital unit that contributed marital funds each receive a proportionate and fair return on their investment.

Id., quoting *Harper v. Harper*, 448 A2d 916, 929 (Md. 1982).

In this case, no evidence was introduced with regard to the fair market value of the house at the time of the marriage. And the trial court made no finding concerning the present fair market value of the house. Thus, the trial court failed to ascertain either the amount of the husband's contribution, or the return on the respective contributions of the husband and the marital unit. It follows that the "source of the funds" rule was not applied properly, and that this case must be reversed and remanded for further proceedings.

*Judgment reversed and case remanded for further proceedings not inconsistent with this opinion. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Plunkett, Shepard & Plunkett, Stephen E. Shepard,* for appellant.

*Clayton L. Jolly III,* for appellee.