## S01A1411. HUBBY v. HUBBY.
(556 SE2d 127)

CARLEY, Justice.

Linda Hubby (Wife) filed for divorce from Frank Hubby (Husband), and sought an equitable division of property. Husband moved for partial summary judgment, asserting that the marital home was his separate property because he made the down payment on the residence with his own personal funds. The trial court granted the motion, concluding that Husband was entitled to all subsequent appreciation in value attributable to market forces. We granted Wife's application for discretionary appeal and, by order, vacated and remanded "for the trial court to hold an evidentiary hearing to determine what role marital assets played in increasing the equity in the house and, therefore, what percentage of the appreciation in the house is subject to distribution as a marital asset."

The purchase price of the home was $145,500, of which Husband contributed $80,500 and the remaining $65,000 was financed. On remand, the evidence showed that marital funds in the amount of $1,983 were used to pay down the original mortgage to $63,017. The home was then refinanced and a new indebtedness of $68,500 incurred. Thereafter, $2,585 in marital funds were used to reduce the balance on the new mortgage to $65,915. The home is now worth $183,000, of which $117,085 is net equity comprised of Husband's initial down payment, subsequent mortgage pay-down from marital funds and market appreciation. On remand, however, the trial court concluded that, "under the facts of this case, marital assets played no role [in] increasing the equity in the house for the equity, in fact, decreased. . . . Hence, there is no appreciation in the house subject to equitable division as a marital asset." Based upon this conclusion, the trial court again awarded the marital home to Husband. We again granted a discretionary appeal to determine whether the trial court correctly applied the "source of funds" rule in resolving the issue of the equitable division of the appreciation in the value of the marital home. We hold that the trial court misapplied the rule and, therefore, reverse the grant of partial summary judgment in favor of Husband.

"In applying the 'source of the funds' rule to the equitable division of a home which was brought to a marriage, the trial court must determine the contribution of the spouse who brought the home to the marriage, and weigh it against the total nonmarital and marital investment in the property. [Cit.]" *Horsley v. Horsley*, 268 Ga. 460 (490 SE2d 392) (1997). Although Husband made the down payment from his own personal funds, payments on both the original and subsequent mortgages were made from marital funds. Because marital funds were used to make house payments, the increase in the net

equity is subject to equitable division. *Avera v. Avera*, 268 Ga. 4, 7 (6) (485 SE2d 731) (1997); *Bass v. Bass*, 264 Ga. 506 (448 SE2d 366) (1994). Under the "source of funds" rule, "property is considered both separate and marital in proportion to the contributions (monetary or otherwise) separately and jointly provided. . . ." *Thomas v. Thomas*, 259 Ga. 73, 76 (377 SE2d 666) (1989).

Husband's initial down payment of $80,500 represents 94.6% of the net equity in the marital home. The remaining 5.4% represents the portion of the net equity attributed to marital funds. At the time of the divorce, the net equity in the house was $117,085. Of that figure, 94.6% or $110,762 is Husband's separate property. However, the remaining 5.4% or $6,322 is marital property subject to an equitable division between both Husband and Wife. *Horsley v. Horsley*, supra; *Thomas v. Thomas*, supra at 75.

In applying the "source of funds" rule to a marital home, the fact that the residence has not been sold at the time of the divorce is immaterial. The net appreciation in equity constitutes the marital asset, and there is no requirement that the gain be fully realized in order for it to be equitably divided. All of the elements necessary to determine an equitable division of the equity are enumerated in the *Horsley* decision, and a sale of the home is not one of the dispositive factors. Also, a refinancing of the mortgage during the marriage does not prevent an equitable division. Even though a refinancing may increase the debt and reduce the equity, the net effect is to convert the then-existing equity in the marital home into cash. Of the $68,500 Husband and Wife received by refinancing, $63,017 was used to pay off the original mortgage, leaving them with a balance of $5,483. If they retained that cash in an account or used it to purchase other marital assets, then that account or property may be subject to equitable division in this divorce action. Insofar as the marital home is concerned, however, the important elements are the increase in net equity during the marriage and the respective contributions from personal and marital funds, rather than any conversion of the equity into other forms of property over the course of the marriage.

Unlike a share of stock, the purchase of a house is generally an on-going process. *Thomas v. Thomas*, supra at 77. Compare *Bass v. Bass*, supra. Here, the trial court erroneously focused only on the increase in the indebtedness and consequent reduction in the equity attributable to the refinancing of the parties' residence. Because marital funds were used to reduce the indebtedness secured by the marital property, Wife was entitled to an equitable share of the net increase in the equity, whether resulting directly from those payments or indirectly from market forces. *Thomas v. Thomas*, supra at 75. Under the "source of funds" rule, as properly applied, Wife is entitled to an equitable share of the $6,322 of the net increase in the

equity in the marital home attributable to marital funds. Accordingly, the grant of summary judgment in favor of Husband is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 30, 2001.

*Callaway, Braun, Riddle & Hughes, Kran Riddle,* for appellant. Frank B. Hubby, *pro se.*