## S03A0689. SNOWDEN v. ALEXANDER-SNOWDEN.
### (587 SE2d 54)

Sears, Presiding Justice.

We granted an application for discretionary appeal filed by the appellant, James Snowden, to consider whether the trial court erred in its award of the parties' marital home in this divorce action. Because we conclude that the trial court erred in classifying the entire interest in the home as non-marital property and in awarding it to the appellee, Gwendolyn Alexander-Snowden, we reverse.

In this State, trial courts must apply the "source of the funds" rule when equitably dividing a home that one of the parties brought to the marriage. Under this rule, a trial court "must determine the contribution of the spouse who brought the home to the marriage, and weigh it against the total non-marital and marital investment in the property."[1] The spouse who contributes a home as non-marital property to the marriage "is entitled to an interest in the property in the ratio of the nonmarital investment to the total nonmarital and marital investment in the property."[2] This interest is considered the non-marital property of the contributing spouse, and "[t]he remaining property is characterized as marital property and its value is subject to equitable distribution."[3]

In the present case, the trial court awarded the entire interest in the marital home to Ms. Alexander-Snowden as non-marital property. The court apparently did so for two reasons. One was that, according to the trial court, there was no evidence introduced as to the value of the home at the time of the marriage. Although such information was necessary to show the contributing spouse's non-marital investment in the property,[4] we conclude that the record con-

---

[1] *Horsley v. Horsley*, 268 Ga. 460 (490 SE2d 392) (1997). Accord *Hubby v. Hubby*, 274 Ga. 525 (556 SE2d 127) (2001); *Thomas v. Thomas*, 259 Ga. 73, 76 (377 SE2d 666) (1989).

[2] *Thomas*, 259 Ga. at 76, quoting *Harper v. Harper*, 448 A2d 916, 929 (Md. 1982).

[3] Id.

[4] See *Horsley*, 268 Ga. at 460.

tains sufficient evidence by which the trial court could have calculated the value of the home at the time of the marriage. Indeed, the trial court's own findings of fact, which it made after a bench trial, illustrate the point. In those findings, the trial court found that Ms. Alexander-Snowden brought the house into the marriage; that the value of the house when Ms. Alexander-Snowden acquired it in 1984 was $42,000; that the value of the house at the time of trial was $75,000; and that the property had thus appreciated by $33,000 during the 17 years since its purchase. The court further found that the property had appreciated $1,941 per year since its purchase and thus had appreciated $21,351 during the 11-year marriage.[5] We conclude that, although no appraisal was introduced establishing the value of the marital home at the time of the marriage in 1988, the foregoing findings by the trial court demonstrate that it had sufficient evidence to calculate the value of the marital home at the time of the marriage. The trial court erred by not doing so.[6]

It appears that the trial court's primary reason for not awarding Mr. Snowden any interest in the marital home under the source-of-funds rule was that, "although [Mr. Snowden] contributed to the home [that Ms. Alexander-Snowden] brought into the marriage and has some interest in the home, the court cannot calculate the appropriate amount of his interest using the "source of the funds" rule because [Mr. Snowden] did not present sufficient" evidence as to the specific amounts of funds that he contributed to the marital home to acquire that interest. In making this ruling, the trial court has misunderstood the application of the source-of-funds rule.

The evidence showed that, for the sake of convenience, the mortgage payment on the home was drafted from Ms. Alexander-Snowden's military account every month. Mr. Snowden's income therefore was not specifically assigned by the parties to pay off the loan. The trial court apparently believed that the only relevant marital funds for determining the marital investment in the home were those provided by Mr. Snowden and that since he could not provide records of the exact amount of his expenditures on the home, his claim for equitable division failed. This is incorrect, as the relevant inquiry is whether the "marital unit," meaning both spouses, have contributed "marital funds" to the home.[7] Here, although the evidence failed to show the exact amount of specific payments from Mr. Snowden's income, it did show the exact amount of specific payments

---

[5] The evidence also showed that Ms. Alexander-Snowden took out a loan at the time of purchase in 1984 (presumably for 15 years) and that the loan balance had been paid in full before trial.

[6] See *Horsley*, 268 Ga. at 460.

[7] *Thomas*, 259 Ga. at 76.

($563 per month) made by the marital unit to retire the mortgage debt over the 11 years of the marriage. Thus, even if the trial court could not specifically determine the amount of non-mortgage related contributions made by Mr. Snowden during the course of the marriage, the trial court had sufficient evidence to determine a minimum level of marital investment in the home based upon the marital unit paying off the loan balance.

Because evidence was introduced by which the trial court could have calculated the value of non-marital and marital interests in the marital home, and because evidence was introduced as to the present value of the property, the trial court had sufficient evidence before it to apply the source-of-funds rule and to equitably divide the property.[8] Accordingly, the trial court erred in awarding the entire home to Ms. Alexander-Snowden as non-marital property. We thus reverse the trial court's judgment and remand the case to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*William T. Jones*, for appellant.
*James M. Kimbrough III*, for appellee.

---

[8] See *Horsley*, 268 Ga. at 460.