## S04F1380. MADDOX v. MADDOX.
(604 SE2d 784)

BENHAM, Justice.

This appeal is from a final judgment and decree of divorce.[1] Central to the litigation in the trial court was the equitable division of the value of three properties: the marital home in Hapeville, two undeveloped lots on the Chattahoochee River in Habersham County, and an undeveloped lot in Hilton Head, South Carolina. Based on a jury verdict, the trial court awarded Ms. Maddox equitable interests in all three properties, attorney fees, and costs. Mr. Maddox contests

---

[1] Mr. Maddox's application for discretionary appeal was granted in accordance with the provisions of this court's Family Law Pilot Project, pursuant to which this Court grants all non-frivolous applications seeking discretionary appeal from a final divorce decree. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

on appeal the award of equitable interests in the Habersham County and Hilton Head properties and the award of attorney fees.

1. In an enumeration of error contending the trial court erred in denying his motion for new trial, Mr. Maddox asserts that Ms. Maddox failed to present sufficient evidence on which an equitable division of the value of the Habersham County and Hilton Head properties could be based.[2] In reviewing a trial court's denial of a motion for new trial on the ground there was no evidence to support the verdict, this Court examines the record to determine whether there is any evidence to support the verdict. *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001).

The testimony and stipulations of the parties authorized the following to be found as facts. The parties were married in 1990 and the judgment of divorce in this case was entered in 2002. The Habersham County property was purchased in 1994 for $44,000 with Mr. Maddox's non-marital funds. In 1995, the property was used as collateral for a $45,000 loan, the proceeds of which were used in a business venture. Between 1995 and 1998, the balance of the loan was reduced to $30,000 by payments from Mr. Maddox's income earned during the marriage, and that balance was paid in 1998 with the proceeds of a loan using the marital home as collateral. At the time of the divorce, the property had a value of $100,000, the increase of which is attributable solely to market forces. Ms. Maddox was awarded $27,700 as her equitable interest in the property. The Hilton Head property was purchased by Mr. Maddox in 1988 for $80,000, of which $20,000 was paid as a down payment. The balance owed was reduced in 178 even installments during the ensuing years, continuing through the duration of the marriage, to $20,000. The value of the property at the time of the divorce had increased to $170,000 due solely to market forces. Ms. Maddox was awarded $33,928 as her equitable interest in the property.

The method of equitable division utilized at trial is the "source-of-funds" rule which provides that a spouse contributing non-marital property is entitled to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property. *Thomas v. Thomas*, 259 Ga. 73, 76 (377 SE2d 666) (1989). The remaining property is characterized as marital property and its value is subject to equitable distribution. Id. Thus, the spouse who contributes non-marital funds, and the marital unit that contributes marital funds each receives a proportionate and fair return on their investment. Id.

[2] No issue is raised on appeal concerning the designation of the marital home in Hapeville as marital property and the equitable division of its value.

As to the Habersham property, Mr. Maddox asserts that in order to use the source-of-funds rule, the value as of the date marital funds were first invested in the property had to be shown (see *Horsley v. Horsley*, 268 Ga. 460 (490 SE2d 392) (1997)), and that Ms. Maddox did not make that required showing. However, that value can be calculated from the evidence submitted by using the method set out in *Snowden v. Alexander-Snowden*, 277 Ga. 153 (587 SE2d 54) (2003). In that case, where one party brought the property into the marriage, this Court calculated the total increase in value by subtracting the value at acquisition from the value at the time of trial, then divided into that amount the number of years from acquisition to trial in order to determine the amount of yearly appreciation. With that figure, the value at the time of the marriage could be calculated by multiplying the number of years from acquisition to marriage by the amount of yearly appreciation and adding that amount to the value at acquisition. In the present case, the value at acquisition was shown to be $44,000, which yields, when subtracted from the value at the time of trial, $100,000, an appreciation of $56,000. Dividing the total appreciation by the eight years from the time of acquisition (1994) to the time of trial (2002) yields a yearly appreciation of $7,000. Since marital funds began to be invested in the property in 1995, one year's appreciation is added to the initial value to produce a value of $51,000 at the time marital funds began to be invested. Thus, contrary to Mr. Maddox's contention, sufficient evidence was presented to the factfinder to permit calculation of the value at the time the property's value began to include an element of marital property.

Mr. Maddox further contends with regard to the Habersham property that any marital component of the value of the property would be limited to the appreciation of the amount by which the debt was reduced by marital funds. See *Thomas v. Thomas*, supra. Accepting that argument, we note that although Mr. Maddox contributed the entire purchase price from non-marital assets, he subsequently withdrew slightly more than that amount from the value by encumbering the property to borrow money for a business venture. The marital unit subsequently returned that value to the property by paying off the loan with marital funds in the form of money earned by Mr. Maddox during the marriage (see *Snowden v. Alexander-Snowden*, supra) and money taken from the marital home, the character of which as a marital asset is not challenged here. Thus, virtually the entire amount of appreciation in the value property is marital property available for equitable division. There being evidence from which the jury could calculate the factors necessary for equitable division, the trial court did not err in denying the motion for new trial as to the Habersham County property.

Mr. Maddox's argument regarding the Hilton Head property is similar to his argument regarding the Habersham County property in that he contends there was no evidence of factors necessary to calculate what portion of the value of the property is marital property. Specifically, he contends that because there was no evidence of the value of the property at the time of the marriage and no evidence of the amount necessary to pay off the mortgage on the property at the time of the marriage, it was impossible for the jury to calculate the net equity in the property and determine how much of that equity was marital property subject to equitable division. However, as noted above, evidence of record established the pertinent dates, the amount paid for the property, the amount of the down payment, the number of payments made, and the balance remaining at the time of trial. Using the same method of calculation demonstrated above, all the essential elements necessary to establish the extent to which the value of the property could be classified as marital property could be derived from the evidence of record. That being so, the trial court's denial of the motion for new trial with regard to the Hilton Head property was not error.

2. Mr. Maddox also contends the trial court erred in submitting to the jury the issue of equitable division of the Hilton Head property because the evidence establishes that all the appreciation in value of that property was due to market forces. See *Bass v. Bass*, 264 Ga. 506 (448 SE2d 366) (1994). However, unlike the situation in *Bass*, this case does not deal with an asset into which the marital unit made no investment. Here, as noted in the preceding division of this opinion, the evidence shows that payments were made on the mortgage on the property during the marriage, thereby increasing the net equity in the property, an increase which is marital property. *Snowden v. Alexander-Snowden*, supra. Mr. Maddox's argument that because the payments were made from his personal account the funds invested were not marital funds is unavailing. Id. Because there was evidence of investment in the property by the marital unit, the trial court did not err in submitting the issue of equitable division to the jury.

3. Mr. Maddox assigns error to the trial court's jury instruction on the source-of-funds rule with respect to the Hilton Head property, asserting that the trial court should have instructed the jury that the appreciation in value of non-marital property due to market forces is not a marital asset. It is the trial court's responsibility to charge the jury on the principles of equitable division of property when that is an issue in the case. *Bass v. Bass*, supra. Based on the source-of-funds rule, it is proper for the trial court to instruct the jury that it should determine whether any appreciation in the value of the properties during the marriage was attributable to the party's, the spouse's, or their joint efforts, or to market forces. Id. Any appreciation found to

be attributable to the husband's or the wife's individual or joint efforts would be a marital asset subject to equitable division, but to the extent the appreciation is only the result of market forces, it is a non-marital asset and therefore not subject to equitable division. Id. Here, the trial court instructed the jury that if the properties increased in value as a result of the efforts of either or both parties during the marriage, then the increase would be subject to an equitable division, but that if any increase in value was not as a result of the efforts of either or both parties, then that increase would not be subject to an equitable division. Although the trial court did not use the phrase "market forces," the charge, when read as a whole, was a correct statement of the law and adequately explained how the jury was to deal with appreciation of the properties. Because the charge, when read as a whole, was a correct statement of the law, we see no error in the charge as given. *Dept. of Human Resources v. Phillips*, 268 Ga. 316 (4) (486 SE2d 851) (1997).

4. Finally, Mr. Maddox contends the trial court was without authority to award attorney fees to Ms. Maddox because Ms. Maddox's withdrawal of her claim for temporary alimony, of which the claim for attorney fees was an intrinsic part, was also a withdrawal of the claim for attorney fees. Inasmuch as an award of alimony is not a prerequisite to an award of attorney fees (*Scott v. Scott*, 251 Ga. 619 (3) (308 SE2d 177) (1983)), it follows that a request for attorney fees can withstand the withdrawal of a claim for temporary alimony. Since Ms. Maddox did not withdraw her request for attorney fees, the issue was preserved for a decision by the trial court. *Blanchet v. Blanchet*, 251 Ga. 379, 380 (306 SE2d 907) (1983). Accordingly, the entry of an award of attorney fees was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2004.

*Stephen B. Wallace II*, for appellant.
*Allen W. Bodiford, Martin C. Jones*, for appellee.