## S05F0160. POLLARD v. POLLARD.
(609 SE2d 354)

THOMPSON, Justice.

After a bench trial, the trial court entered a final judgment and decree of divorce, terminating the marriage between appellant Reggie Pollard and appellee Stephanie Pollard, dividing the marital assets, and awarding alimony to Ms. Pollard. Mr. Pollard sought discretionary review, which was granted under the pilot project in effect in domestic relations cases. We now affirm.

1. Mr. Pollard asserts that the trial court misapplied the rule in *Hubby v. Hubby*, 274 Ga. 525 (556 SE2d 127) (2001), in dividing the equity in the marital residence.

Although there is no transcript of the trial, it appears to be undisputed that the marital home was purchased by husband prior to the marriage, that he made the down payment from his own funds, and that the parties lived in the home during the ten-year marriage making contributions to the overhead from marital funds. "Under the 'source of funds' rule, as properly applied, Wife is entitled to an equitable share of the . . . net increase in the equity in the marital home attributable to marital funds." *Hubby v. Hubby*, supra at 526-527.

From the evidence offered at the final hearing, the trial court determined that husband's individual investment in the property at the time of purchase was $10,948.72, and it applied that figure in beginning its *Hubby* calculation. There is, however, no evidence of record as to husband's individual contribution or the contributions of marital funds to the property. Inasmuch as consideration of this issue is dependent upon the transcript of evidence and proceedings and we have no transcript, we must presume that the evidence considered by the trial court supported the findings made. *Leitzke v. Leitzke*, 239 Ga. 17 (235 SE2d 500) (1977). "Unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not." (Punctuation omitted.) Id. at 18. The result must be an affirmance. See *American Assn. of Cab Cos. v. Abdillahi*, 206 Ga. App. 124 (424 SE2d 382) (1992).

2. The remaining issues on appeal relate to the award of alimony and the division of husband's pension plan. These enumerations of error, likewise, raise evidentiary matters which cannot be considered in the absence of a transcript of the unrecorded trial. *Leitzke*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005.

*William O. Cox*, for appellant.
*Francesca A. Rehal*, for appellee.