S09F0303. WALTON v. WALTON.

(681 SE2d 165)

MELTON, Justice.

Following a bench trial, Willie C. Walton ("Husband") and Aileen Walton ("Wife") were divorced pursuant to a Final Judgment and Decree of Divorce entered on March 27, 2008. After considering the income and other circumstances of both Husband and Wife, the trial court ordered Husband to pay child support in the amount of $1,800 per month (the presumptive amount), and awarded wife three years of periodic alimony. The trial court awarded Husband the marital residence and lot, and ordered him to pay $319,000 to Wife for her equity in the home by May 31, 2008. The trial court also awarded Wife one of Husband's businesses (the Alliance Financial Group), and ordered Husband to pay off the debt that had been used to finance the business. Finally, in a separate July 2, 2008 order, the trial court awarded Wife attorney fees of $50,000. We granted Husband's application for discretionary appeal in this divorce case pursuant to this Court's Family Law Pilot Project, under which this Court will grant all nonfrivolous discretionary applications seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004). Husband contends that the trial court erred by failing to properly consider evidence relating to his nonmarital contribution to the purchase of the marital home and his interest in the home; erred in its consideration of the evidence relating to the awards of child support and alimony; and erred in its award of attorney fees to Wife. For the reasons that follow, we affirm.

1. Husband contends that the trial court did not properly determine his interest in the marital home, because the court failed to give him credit for his nonmarital contribution to the purchase of the marital home. See *Hubby v. Hubby*, 274 Ga. 525 (556 SE2d 127) (2001) ("In applying the 'source of the funds' rule to the equitable division of a home which was brought to a marriage, the trial court must determine the contribution of the spouse who brought the home to the marriage, and weigh it against the total nonmarital and

marital investment in the property") (citations and punctuation omitted). However, evidence supported the trial court's conclusion that Husband did not use his own personal funds to make the down payment on the home. Specifically, the evidence showed that the down payment on the home was made with funds from Husband and Wife's joint account, and from funds shared by Husband and Wife that Husband had transferred into his own personal account. The transfer of the couple's funds to Husband's account did not make the funds Husband's separate property. Because evidence supported the trial court's conclusion that Husband did not make a nonmarital contribution to the purchase of the marital home, that determination will not be disturbed here.[1] *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

In this regard, contrary to Husband's claims, the trial court did not abuse its discretion in refusing to grant Husband more than 50 percent of the equity in the marital residence. Indeed,

> an equitable division of marital property does not necessarily mean an equal division. The purpose behind the doctrine of equitable division of marital property is to assure that property accumulated during the marriage be fairly distributed between the parties. Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property.

(Citations and punctuation omitted.) *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SE2d 600) (2003).

2. Husband contends that the trial court erred in its factual findings used to support its awards for child support and alimony. Specifically, Husband claims that the trial court erred in finding that his income was $15,708 per month for purposes of calculating child support, and erred in failing to consider any alimony award as a deviation from the presumptive amount of child support. See OCGA § 19-6-1 (b) (child support calculated based on determination of adjusted monthly gross income of both the custodial parent and the noncustodial parent); OCGA § 19-6-1 (c) (alimony awarded in accordance with needs of the party and ability of other party to pay); OCGA § 19-6-15 (i) (requirements for deviation from presumptive amount of child support). However, "this court will not set aside the trial court's factual findings unless they are clearly erroneous, and

---

[1] We note that evidence also supported the trial court's conclusion regarding the value of the marital home.

this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006).

Here, the trial court considered the many personal expenses of Husband that were paid for by his companies — including two Mercedes Benz lease payments and entertainment and travel expenses. The court also considered a loan application on which Husband had listed his monthly income as $68,750 per month, as well as Husband's own domestic relations financial affidavit in which Husband claimed that his income was $15,708 per month. Additionally, the court took into account Wife's status as a stay-at-home mother since the birth of the parties' son, Husband's conduct towards Wife, and Wife's potential income from the court's award to her of one of Husband's companies. The evidence supported the trial court's child support and alimony awards to Wife, and supported its conclusion that no deviation from the presumptive amount of child support was warranted. See OCGA §§ 19-6-15 (b); 19-6-1 (c); 19-6-15 (i).

3. An award of attorney fees as part of the expenses of litigation is left to "the sound discretion of the trial court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party." OCGA § 19-6-2 (a) (1). "The purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (Citation omitted.) *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). Here, as noted in Division 2, supra, the trial court considered evidence of the financial circumstances of the parties. Further, the court considered evidence that Wife incurred over $75,000 in litigation expenses in her efforts to obtain necessary financial documents and to effectively present the complicated financial issues raised in the case. We find no abuse of discretion in the trial court's award of $50,000 in attorney fees to Wife. *Rieffel v. Rieffel*, 281 Ga. 891 (1) (644 SE2d 140) (2007).

*Judgment affirmed. Hunstein, C. J., Carley, P. J., Benham, Thompson and Hines, JJ., concur.*

DECIDED JULY 9, 2009.

*Diana Lynch, Brown & Gill, Angela B. Dillon*, for appellant.

*Jacquelyn F. Luther*, for appellee.