S10F0516. DUPREE v. DUPREE.
(695 SE2d 628)

NAHMIAS, Justice.

Pursuant to this Court's pilot project for domestic relations cases, we granted appellant Samuel Dupree's application for discretionary appeal of the final decree of divorce from appellee Cynthia Dupree. Samuel contends, among other things, that the trial court's judgment is contradictory as to how much each party must pay for uninsured health care expenses for their minor child and that the

---

trial court erred in failing to consider the amount he will pay for health insurance when calculating his child support obligation. We agree with these two contentions, but find Samuel's other arguments to be without merit. Accordingly, we affirm in part and reverse in part and remand the case for proceedings consistent with this opinion.

1. Samuel and Cynthia were married in 1998. They have one minor child. In 2006, Samuel filed for divorce, seeking joint custody of the child, reasonable visitation, and an equitable division of the parties' marital property. Cynthia filed an answer and counterclaim, seeking permanent custody, child support, alimony, attorney fees, and an equitable division of marital property.

The trial court conducted a bench trial, and its final judgment of divorce awarded the parties joint legal custody of their child, with Cynthia having primary physical custody. The court found that Samuel earned $3,262.67 per month, while Cynthia earned $2,484.75 per month. Pursuant to OCGA § 19-6-15 (b) (5), the trial court determined that Samuel's pro rata share of the basic child support obligation was 57% and Cynthia's was 43%. The court ordered Samuel to pay $549.43 per month in child support. The court also ordered the parties to equally share child care costs and ordered Samuel to maintain health insurance for the child. Although the final decree required Cynthia to pay 61% of uninsured health care expenses for the child and Samuel to pay 39%, the child support addendum that was incorporated into the decree provided that the parties would equally split the same expenses.

The decree also provided that Samuel could purchase Cynthia's interest in the marital residence if the parties agreed on the property's value and Samuel then paid Cynthia one-half of the parties' equity in the property. If the parties did not reach such an agreement within 60 days of the order, the residence would be sold and the proceeds equally divided. The court found that Samuel had lived in the marital residence since the parties' separation, while Cynthia had to rent other housing. The court therefore ordered Samuel to continue making the mortgage payments on the residence until he had purchased it or it had been sold. The decree did not award alimony.

2. Samuel first contends that the trial court's final decree is internally contradictory as to each party's share of the uninsured health care expenses, with the text of the decree requiring a 61%-39% split and the incorporated child support addendum requiring a 50%-50% split. We agree. Accordingly, that part of the decree must be reversed and the case remanded for clarification by the trial court. See *Grantham v. Grantham*, 269 Ga. 413, 414 (499 SE2d 67) (1998) (remanding case where the trial court used conflicting legal

standards for determining the custody issue).

3. Samuel contends that the trial court erred by ordering Cynthia to pay Samuel one-half of the outstanding balance of a loan calculated as of the date of the decree instead of the date of the trial. Samuel alleges that, because the decree was not entered until 155 days after the trial, his share of the debt was unjustly increased, as he was making the payments on the debt between the time of the trial and the time the judgment was entered. He therefore contends that the trial court should have required Cynthia to pay half of the loan payments he made while waiting for entry of the judgment. However,

> "an equitable division of marital property does not necessarily mean an equal division. The purpose behind the doctrine of equitable division of marital property is to assure that property accumulated during the marriage be fairly distributed between the parties. Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property."

*Walton v. Walton*, 285 Ga. 706, 707 (681 SE2d 165) (2009) (quoting *Wright v. Wright*, 277 Ga. 133, 134 (587 SE2d 600) (2003)). Instead, the trial court has broad discretion to equitably divide the marital property. Id. at 707.

Samuel testified at trial that he was paying the loan in question. The trial court therefore was aware of that fact when it divided the debt. Based on our review of the record, the trial court did not abuse its discretion by requiring Cynthia to pay half of the loan balance as of the date of the decree.

Samuel also contends that the delay in entering the judgment violated OCGA § 15-6-21 (a), which requires trial courts to rule on motions within 30 days after a hearing in counties with less than 100,000 inhabitants. Samuel alleges that Laurens County, where this case was tried, has less than 100,000 inhabitants. However, OCGA § 15-6-21 (a) applies only to "motions for new trials, injunctions, demurrers, and all other motions of any nature," not to a bench trial in a divorce action.

4. Samuel contends that the trial court had no discretion to order the sale of the marital residence as part of the property division. Samuel argues that, as of the date of the divorce decree, no marriage existed, that marital property therefore cannot exist, and that the division of marital property had to be final as of the date of the decree. By this logic, a trial court could never order the disposition of

marital assets by sale or transfer after the date of a divorce decree. That is not the law. A divorce decree must finalize the process by which marital property will be equitably divided, but that process need not and often cannot feasibly be completed until after the decree is entered. In this case, the trial court's broad discretion "to divide marital property fairly," *Alejandro v. Alejandro*, 282 Ga. 453, 455 (651 SE2d 62) (2007), clearly included the authority to order the sale of the parties' residence and to account for how the existing mortgage will be paid until the sale.

In the same enumeration, Samuel contends that the trial court erred by ordering him to pay the mortgage until he purchases Cynthia's share of the residence or the residence is sold. We again find no abuse of discretion, as the trial court found that Samuel has been living in the marital residence since the parties' separation, that Cynthia had been required to rent other housing for herself and the parties' child, and that Samuel therefore should pay the mortgage until he purchases Cynthia's share or the residence is sold.

5. Samuel contends that the trial court erred by ordering him to maintain health insurance on the minor child but then not including that expense in calculating his child support obligation. We agree.

Initially, we address Cynthia's argument that there is no evidence in the record that Samuel would bear any health insurance expense, as opposed to it being paid entirely by his employer. See OCGA § 19-6-15 (h) (2) (A) (i) ("Payments made by a parent's employer for health insurance and not deducted from the parent's wages shall not be included."). However, Samuel testified that his monthly health insurance premium would be $238.

Turning to the merits of Samuel's contention, OCGA § 19-6-15 (b) provides that "the determination of child support shall be calculated" by following the guidelines set forth in subsections (b) (1) to (b) (11). Subsection (b) (6) provides that the trial court must prorate child care and health insurance expenses between the parents to arrive at an "adjusted child support obligation." The court must then modify the adjusted child support obligation by factoring in the amount of health and child care expenses *actually* paid by each parent. See OCGA § 19-6-15 (b) (7) (the trial court determines the "presumptive amount of child support for the custodial parent and the noncustodial parent resulting in a sum certain single payment due to the custodial parent by assigning or deducting credit for actual payments for health insurance and work related child care costs"). See also OCGA § 19-6-15 (h) (2) (providing further guidelines regarding how to include health insurance premiums into the determination of child support). Because the trial court failed to account for Samuel's payment of health insurance in calculating his child support obligation, we reverse the award of child

support and remand the case to the trial court to factor that consideration into the child support order.

6. Samuel similarly contends that the trial court erred by ordering him to share equally in the daycare cost for the minor child but then failing to include that cost as an additional expense in determining his child support obligation.

As with health insurance expenses, a trial court must initially prorate child care expenses between the parents to arrive at the adjusted child support obligation, OCGA § 19-6-15 (b) (6), and must then adjust that figure by factoring in the amount of child care expenses actually paid by each parent, OCGA § 19-6-15 (b) (7). The trial court here omitted those steps when calculating Samuel's child support obligation.

However, because the trial court ordered the child care expenses split equally between the parents, Samuel actually benefitted from the trial court's omission. The calculations required by the statute would have added a greater amount of child care under (b) (6) (because Samuel's pro rata share of the child care expenses was 57%) than it would have subtracted under (b) (7) (due to Samuel's actual payment of only 50% of those expenses). Accordingly, Samuel was not harmed by the trial court's calculations, and he therefore cannot prevail on this enumeration. See *Holmes v. Roberson-Holmes*, 287 Ga. 358 (695 SE2d 586) (2010) (explaining that a party must show both error and harm to prevail).

7. Samuel contends in one enumeration that the trial court's child visitation order is ambiguous and not liberal enough in granting him visitation, but in another enumeration, he contends that the order provides him so much visitation that he was entitled to a downward deviation from his presumptive amount of child support due to extended parenting time. See OCGA § 19-6-15 (i) (2) (K) (i) (providing that the trial court may deviate "when special circumstances make the presumptive amount of child support excessive or inadequate due to extended parenting time as set forth in the order of visitation or when the child resides with both parents equally").

"Where parents contest the issue of custody of a child, [which includes visitation (*Ledford v. Bowers*, 248 Ga. 804 (1) (286 SE2d 293) (1982)),] the trial court has very broad discretion, looking always to the best interest of the child. When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion."

*Taylor v. Taylor*, 282 Ga. 113, 114 (646 SE2d 238) (2007) (citation omitted) (bracketed material in original). Having examined the record, we conclude that the trial court did not abuse its discretion in its visitation award, which is not ambiguous. See id.

8. Samuel contends that the trial court erred by failing to set a specific date for dividing financial instruments held for the benefit of the minor child and by failing to direct which party would be responsible for any penalty that arose from dividing those assets. In fact, the divorce decree directs that the "division of financial assets shall take place within (60) days of the date of this order," and this provision does not exclude financial assets held for the benefit of the child. Moreover, there is no evidence in the record of any penalties that will have to be paid if those financial assets are divided or of the amount of any such penalty. Accordingly, this contention presents no grounds for reversal. See *Dept. of Human Resources v. Allison*, 276 Ga. 175, 178 (575 SE2d 876) (2003) (holding that the appellant has the burden to show error on the record).

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Kelli A. Devaney-Jackson*, for appellant.
*Francis M. Lewis*, for appellee.