S12A0156. PINA v. PINA.

(725 SE2d 301)

CARLEY, Presiding Justice.

Maria Pina (Wife) and Rui Pina (Husband) were married in 1998. Wife filed a complaint for divorce on December 10, 2008. The parties resolved all issues by agreement except the disposition of the real property located at 1122-1124 Dorchester Avenue, Dorchester, Massachusetts. That property was purchased by Wife prior to the marriage. In 2005, Wife transferred the property into the Gomes Family Trust for the benefit of her three children, two of whom are Husband's children. After a bench trial, the trial court entered a final divorce decree finding that Husband had an equitable interest in the Dorchester property, but that this interest was negligible, and awarding the property to Wife as part of the equitable division of marital assets. Husband applied for discretionary appeal, and this Court granted the application pursuant to the Pilot Project then in effect in domestic relations cases. For current procedure, see Supreme Court Rule 34 (4).

Husband contends that the trial court abused its discretion by awarding the Dorchester property to Wife without sufficient evi-

dence of the value of the property. In Georgia, "property is subject to equitable division if it is ' "acquired as a direct result of the labor and investments of the parties during the marriage. . . ." ' [Cits.]" *Newman v. Patton*, 286 Ga. 805, 806 (692 SE2d 322) (2010). In the present case, the trial court ruled that the Dorchester property is Wife's separate property but that Husband has an equitable interest in the property because mortgage payments, repairs, and improvements on the property were made with marital funds, and because Husband worked on the property during the marriage. However, "[b]ecause [Wife] brought the house to the marriage, only the subsequent increase in the net equity attributable to marital contributions [is] a marital asset" and thus subject to equitable division. *Wright v. Wright*, 277 Ga. 133-134 (1) (587 SE2d 600) (2003). See also *Pollard v. Pollard*, 279 Ga. 57 (1) (609 SE2d 354) (2005); *Hubby v. Hubby*, 274 Ga. 525 (556 SE2d 127) (2001).

According to the record, Husband had an appraisal performed on the property to ascertain the current value, although it was performed from outside of the building since the appraiser was not given permission to enter the building. Nonetheless, a current valuation of the property would be futile since the parties admit that they do not have a valuation of the property at the time of their marriage, and thus the amount of the increase in net equity during the marriage is impossible to measure. However, the trial court, notwithstanding the fact that the overall value of the property was not calculated, performed an analysis regarding the amount of possible increase in the market value of the property due to the contributions by Husband and the expenditure of marital funds during the marriage. The facts in the record show that Husband periodically performed maintenance work on the property. However, he admits that he does not have any receipts for this work or for any materials he may have purchased for the property. Additionally, Wife testified that Husband was paid for any work that he performed on the property and was reimbursed for any materials that he purchased out of the rental profits generated from the property. Wife also testified that the property paid for itself, meaning that the rents earned from the property were used to pay down its mortgage, and the excess rents were used to support the parties and their children. The parties also lived in a portion of the Dorchester property for several years during their marriage, and Husband used a portion of the property as a commercial recording studio for several years without paying rent. Evidence in the record shows that money earned from the Dorchester property was used for the down payment on the parties' subsequent marital home, which was later sold and the proceeds split equally between the parties. Although Husband claims that the Dorchester property was intended to be owned jointly by the parties,

he was never conveyed any interest in the property, and any rents earned from the property were kept in a separate bank account in Wife's name only. Therefore, the trial court had evidence before it regarding

> " 'all the relevant factors, including each party's contribution to the acquisition and maintenance of the property (which would include monetary contributions . . .), as well as the purpose and intent of the parties regarding the ownership of the property. (Cits.)' " [Cit.]

*Wright v. Wright*, supra at 134 (3). Considering the lack of any evidence of the value of the maintenance work performed by Husband, the testimony of Wife that he was paid for this work, the fact that Husband used a portion of the property rent-free as a commercial recording studio, and the fact that the property paid for the mortgage through its own rents, the trial court had evidentiary support for its finding that any increased value in the property attributable to Husband's contributions and the expenditure of marital funds was nominal, and therefore a calculation of the current market value of the Dorchester property was not needed. As there is ample evidence supporting its conclusion, the trial court did not abuse its broad discretion to divide marital property equitably. *Dupree v. Dupree*, 287 Ga. 319, 322 (4) (695 SE2d 628) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Nathaniel M. Smith*, for appellant.
*Bettis & Howard, Pamela M. Bettis, Nedra K. Howard*, for appellee.