297 Ga. 116
FINAL COPY

S15A0573.  MARLOWE v. MARLOWE.

BENHAM, Justice.

The parties to this case were divorced in 2007, and a child support order was entered as part of the final judgment pursuant to which appellee Joseph Andrew Marlowe (Husband) was to pay appellant Ronni Green Marlowe (Wife) $992 per month for support of their three children.  In 2013, Husband filed a petition to modify the original child support award downward on the ground that his income had diminished.  Wife counterclaimed, seeking an upward modification on the ground that she now had work-related child care expenses that were not considered in the original child support award since at the time of the original award the children were not attending daycare.  The trial court modified Husband's child support obligation downward to $771 per month. This Court granted Wife's application for discretionary appeal for the purpose of determining whether the trial court abused its discretion in determining the amount of child support due in light of OCGA § 19-6-15.  For the reasons set

forth below, we affirm in part and vacate in part.

1. Wife first asserts the trial court applied the wrong figure from the Georgia Schedule of Basic Child Support Obligations, set forth at OCGA § 19-6-15 (o), for the support of the three children. We agree. The Child Support Addendum attached to the trial court's order recites that support is to be provided for three children. Applying the schedule for the combined gross income of these parents for three children, the basic child support obligation from the table in OCGA § 19-6-15 (o) is $1,316. The worksheet on which the trial court's award is based shows a figure of $1,135, which is the figure from the table for two children. This portion of the order is vacated and, on remand, the trial court is instructed to revise its child support award accordingly by considering the proper basic child support for three children and any other relevant factors that may impact its final child support determination.

We find no error, however, in the trial court's adjustments for work-related child care expenses entered on Schedule D of the Child Support Worksheet.[1] Testimony at the hearing established that the oldest child did not

---

[1] At least, we find no error to Wife's disadvantage; Husband asserts that an error was made in Wife's favor with respect to adjustments for work-related child care expenses, but he does not challenge this finding on appeal.

require work-related child care expenses because he received after-school and summer day care from Husband and his family. Testimony also showed that Wife received assistance from a government program for part of the child care expenses, after which she paid the remaining $65 per week out-of-pocket for child care expenses for both the younger children during the school year, and $105 per week for both children during the summer months. Accordingly, the evidence shows the trial court's figure of $4,020 for annual child care costs used in calculating the child support award was supported by the evidence and did not prejudice Wife.[2]

2. Wife asserts the trial court abused its discretion by failing to impute income to Husband or to find he was willfully underemployed. Indeed, "the trial court is empowered to impute income for willful or voluntary unemployment or underemployment. See OCGA § 19-6-15 (f) (4) (D) . . . ." *Friday v. Friday*, 294 Ga. 687, 689 (1) (755 SE2d 707) (2014). Evidence was presented that Husband had earned significantly more in wages in past jobs than

---

[2] If, in the future, Wife receives less in child care assistance as a result of her no longer meeting the criteria for assistance, as her testimony showed she surmised, then avenues are available to Wife to seek a further modification of the child support award. At the time of the trial court's order, however, the award appears to meet or exceed the evidence presented of current out-of-pocket child care costs.

3

in his current employment. At the time the original child support order was entered, Husband's adjusted gross monthly income was found to be $2,904, whereas in the modification order now on appeal, his income was found to be $2,166.67. Husband testified that, since the divorce, he had earned as much as $22 per hour, at which point he was employed as an electronic access control systems technologist. Testimony also established he was a certified law enforcement officer, at which he would earn significantly more than he currently earns, and that in the past he made money on the side by repairing computers and installing electronic equipment for small businesses. The evidence shows Husband voluntarily terminated some of the jobs he has held in the time since the original child support order was entered.

Relying upon *Galvin v. Galvin*,[3] Wife asserts that even if Husband's loss of income was involuntary, this alone is insufficient to prevent the trial court from imputing income to him where, as here, she claims, "there is evidence of prolonged unemployment and a dearth of evidence of [Husband's] efforts to obtain employment." In *Galvin*, this Court affirmed the trial court's modification order that was based, in part, upon the imputation of income to a

_____

[3] 288 Ga. 125, 126 (2) (702 SE2d 155) (2010).

father who had remained unemployed for over two years.[4] The record in this case, however, fails to show prolonged unemployment and, in fact, Husband was employed at the time of the hearing in a job he had held for over one year. The record contains evidence of Husband's efforts to obtain employment at those times in the past in which he had been unemployed either voluntarily or involuntarily.

By way of explaining his employment choices, Husband testified that, as a result of the economic downturn since the date of the final divorce decree, the last job he held in the access control systems industry paid only $2.50 more per hour than his current job, and that he had voluntarily resigned from that position because the job required him to work out of state, thus requiring him to travel to Georgia on weekends at his own expense in order to spend time with his children. He testified, without dispute, that employment in this field was currently difficult to find. He further testified that his current position, paying $12.50 per hour, offered him a steady and stable job with normal working hours and weekends off, allowing him to spend time with his children and relieving him from worry about being laid off for lack of work. According to Husband's

---

[4] Id. at 125, n. 1.

5

testimony, he had not pursued a job in law enforcement because he did not expect he would be able to control his schedule. He offered no reason for not pursuing additional income by repairing computers in his spare time, other than to point out that he was employed full time.

Past income, alone, is not conclusive evidence of earning capacity. See *Herrin v. Herrin*, 287 Ga. 427, 428 (696 SE2d 626) (2010) (reversing the trial court's upward modification of child support based upon a finding of underemployment that was not supported by the evidence). Other factors to be considered include a party's education, training, and specialized skill; evidence of suppression of income; the party's assets and liabilities; and other funds available to the party for paying child support. Id. Arguably, in this case conflicting evidence was presented relating to other factors the trial court could consider when making its determination on the parties' requests for modification. Evidence was presented regarding Husband's training and skills from which it could be found that Husband was capable of earning more income than he was currently making, in a job that did not appear to require any specialized skill. No evidence was presented regarding other assets or funds available to Husband from which he could continue to pay the original amount

6

of monthly child support award. And Husband's testimony regarding the reasons for his career choices and the decline in his earnings refuted Wife's assertion that he had intentionally suppressed his income in order to avoid his child support obligation. "[T]his Court will not set aside the trial court's factual findings [in a child support proceeding] unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citation and punctuation omitted.) *Autrey v. Autrey*, 288 Ga. 283, 284-285 (2) (702 SE2d 878) (2010); see also *Walton v. Walton*, 285 Ga. 706 (2) (681 SE2d 165) (2009). Given the evidence presented in this case, we cannot say that the trial court's findings regarding Husband's earning capacity were clearly erroneous. Instead, record evidence supports these findings, and no abuse of discretion in granting Husband's petition for downward modification is shown. See *Strunk v. Strunk*, 294 Ga. 280, 282 (1) (754 SE2d 1) (2013).

Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.

Decided May 11, 2015.

Domestic relations. Henry Superior Court. Before Judge McGarity.

<u>Nathaniel M. Smith</u>, for appellant.

<u>Gregory A. Futch</u>, for appellee.