MELTON, Justice,
concurring.
Because there is some ambiguity in our case law about the impact that a spouse’s payments toward the mortgage on the other spouse’s separate property may have on the issue of equitable division — especially where there is no increase in value in the separate home — I have some hesitation in affirming the trial court’s award of attorney fees in this case. However, out of deference to the trial court, and given that Wife (1) made no attempt to sort through the gray areas of the law and present a more viable argument for purposes of equitable division; (2) asserted instead a position that was wholly unsupportable; and (3) asserted this meritless position at a late date after the pretrial order had been issued, I can agree with the majority’s decision to affirm.
Our case law suggests that when a spouse pays down a mortgage on a home, that spouse has made a gift to the marital estate that has the status of marital property, but that spouse can only receive an equitable division from the portion of the marital estate to which the gift has been contributed if the value of the home itself increases. See Mallard v. Mallard, 297 Ga. 274, 277-278 (773 SE2d 274) (2015). In this regard, despite the fact that the contributing spouse’s payments themselves may become part of the marital estate for purposes of equitable division, it is not at all clear that this spouse can receive any equitable division if the value of the home itself does not increase. However, I see no reason why the value of the home should be the sole determining factor for purposes of equitable division in such a scenario.
Here, instead of asserting that she was entitled to an equitable division of her gift to the marital estate through her payments on Husband’s separate home, Wife asserted in an untimely manner that (1) the payments themselves could convert Husband’s separate home *53 into marital property subject to equitable division, and (2) she was entitled to a dollar for dollar reimbursement of any money she contributed to the home. Neither untimely position is supported by our current case law, which highlights the notion that the trial court properly awarded attorney fees to Husband in this case. However, both positions also highlight the problems that arise from a heightened focus on the increase in “value” of a home for purposes of determining equitable division instead of focusing on a spouse’s actual contributions to the home for purposes of determining equitable division. Specifically, where one spouse’s financial contributions to the other spouse’s home during the course of a marriage do not result in an increase in value in the home, a claim for an equitable division related to the contributed funds may have some merit, whereas a claim for equitable division relating to the home that is itself connected to the contributed funds may be “frivolous.”
In this connection, based on the current state of our case law, I believe that we have to be careful to ensure that we do not get locked into looking primarily at whether the “value” of a home has increased to determine whether equitable division is appropriate. Instead of focusing on the “value” of a home, we should continue to focus on whether there is equity in the home. An increase in the equity of a home during the course of a marriage can result from three scenarios: (1) reducing the debt on the property, (2) an increase in the value of the property, or (3) a reduction in the debt on the property coupled with an increase in the value of the property. In any of these scenarios, a gift to the marital estate from one of the spouses may be involved. There should, therefore, be an effort to calculate an equitable distribution in any of these scenarios where such a gift to the marital estate is actually involved.
For example, suppose a spouse owns a $150,000 home as his or her separate property, and that this home carries $100,000 in debt. If the other spouse pays $30,000 of his or her own funds to make improvements to the separate home and increases its fair market value to $200,000, the equity in the home has increased by $50,000. This is a classic scenario that would be covered by our current case law for purposes of equitable division. See, e.g., Pina v. Pina, 290 Ga. 878, 879 (725 SE2d 301) (2012) (where one spouse brings separate property to marriage, “subsequent increase in the net equity attributable to marital contributions is a marital asset and thus subject to equitable division”) (citations and punctuation omitted).
Now, imagine a similar scenario where a spouse owns a separate $150,000 home with $100,000 in debt, and the other spouse pays $30,000 of his or her own funds toward that debt. Due to market forces, however, the fair market value of the separate home remains *54 the same. Although the “value” of the home is the same, the equity in the home has increased by $30,000. In this scenario, just as in the example with a spouse paying his or her own funds for improvements to the other spouse’s separate home, the effort to identify the gift to the marital estate and an equitable distribution should be the same. We should not let the focus on increased “value” distract us from the true focus, the increase in equity.
Decided May 9, 2016.
Miller & Key, J. Scott Key; Pandora E. Palmer, for appellant.
Law Firm of Jack F. Witcher, Daniel B. Greenfield; Brannen Law Group, Ashley B. Brannen, for appellee.
For all of the aforementioned reasons, although I agree with the end result reached by the majority, I must write separately to express my concerns about some of the confusion that could be raised by the current state of our case law and the manner in which I believe we should be working to clear up any such potential confusion in the future.