# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1590. ROGER JOSEPH REINERT v. THE STATE.**

After a jury trial, Roger Reinert was convicted of aggravated assault (family violence), aggravated battery (family violence), and battery (family violence). On November 5, 2010, the trial court entered final disposition in the case, sentencing Reinert to 20 years on the aggravated assault count, 20 years on the aggravated battery count, and 12 months on the battery count. Reinert filed a motion for new trial on November 10, 2010, which the trial court denied in 2013. We affirmed Reinert's convictions on appeal. Case No. A13A2271 (Mar. 7, 2014).

In July 2022, Reinert filed a motion to vacate void sentence and void judgment, claiming that the trial court lacked jurisdiction to impose sentence and enter final disposition because he filed a timely motion for new trial and notice of appeal; that the court failed to try him during the term of court in which he was indicted; and that his convictions resulted from an unlawful arrest. The trial court denied the motion on the grounds that Reinert did not raise a valid void sentence claim and that he is not permitted to challenge a conviction through a motion to vacate void sentence and judgment. Reinert filed this direct appeal from that ruling.[1] We lack jurisdiction.

The sentencing court generally has jurisdiction to modify or vacate a sentence

---

[1] Reinert has previously sought appellate relief in this Court related to his convictions. In Case No. A13A2271, as stated above, we affirmed his convictions (Mar. 7, 2014). In Case No. A20A0492, we dismissed his direct appeal from the denial of his extraordinary motion for new trial (Nov. 7, 2019). In Case No. A23A0946, Reinert filed an original mandamus petition in this Court. That case is pending.

only for one year following the imposition of the sentence, but a sentencing court has jurisdiction to vacate a void sentence at any time. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). Reinert filed his motion to vacate his sentence 11 years after the sentence was imposed. Accordingly, the sentencing court had jurisdiction of his motion only to the extent that it presented a cognizable or colorable claim that the sentence was void. See id.; *Burg v. State*, 297 Ga. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas*, 293 Ga. at 572 (2) (citations omitted). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). The sentences imposed in this case are within the statutory ranges. See OCGA §§ 16-5-21; 16-5-24 (h); OCGA § 16-5-23.1 (f) (2). Therefore, Reinert has not raised a colorable void sentence claim, and the trial court's ruling is not subject to a direct appeal. See *Burg*, 297 Ga. App. at 120; see generally *Jones*, 278 Ga. at 671.

Moreover, "a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void. Instead, a claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus." *von Thomas*, 293 Ga. at 572 (2) (citations omitted). Because a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case," an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Inasmuch as Reinert's motion sought to set aside his criminal convictions, his motion was subject to dismissal. See id.

Accordingly, because Reinert has not raised a colorable void sentence claim

and he is not authorized to attack his convictions in this manner, this appeal is hereby
DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   *07/19/2023*

    *I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court
hereto affixed the day and year last above written.*

_____ *, Clerk.*