**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 10, 2026**

# In the Court of Appeals of Georgia

A25A1645. PELAYO v. PELAYO.

PIPKIN, Judge.

We granted a discretionary appeal in this divorce case pursuant to Court of Appeals Rule 31(b)(4) to decide whether the trial court erred in applying the source of funds rule to the parties' marital residence as part of the equitable division of the marital estate. We conclude that the trial court did err, and we are therefore compelled to vacate the trial court's judgment as to the equitable division of the marital estate and remand the case with direction.

1. The parties married in April 2016 and separated in June 2024. They have no children together. On June 11, 2024, Meredith Pelayo (Wife) filed a verified complaint for divorce, and on August 8, 2024, Allen Pelayo (Husband) filed a verified answer and

counterclaim for divorce. On February 18, 2025, the trial court held a bench trial at which the parties, Wife's parents, and a neighbor testified. The only contested issues at trial related to the equitable division of the marital estate. On February 20, 2025, the trial court entered a final judgment and decree of divorce.

As relevant here, in the final decree, the trial court found that the primary asset at issue was the marital residence, which Husband owned prior to the marriage; that at the time of the marriage, the marital residence had an appraised value of $286,000 with a mortgage of $246,000; that the parties had paid down the mortgage by $41,000 over the course of the marriage; and that at the time of trial, the marital residence had an appraised value of $555,000 with a mortgage of $205,000. The court then found that — except for the $41,000 in mortgage payments made during the marriage — "market forces" were responsible for all the increase in the net equity in the marital residence from $40,000 at the time of the marriage to $350,000 at the time of the trial and that the increase in net equity due to market forces was "a non-marital asset not subject to equitable division." The court did not address the approximately $40,000 in marital funds that the undisputed evidence at trial showed was used to finish the basement of the marital residence and renovate it into a separate living space for use

by Wife's parents. The court awarded the marital residence to Husband and awarded Wife $50,000 representing her share of the equity in the marital residence and Husband's UPS Class A common stock.[1]

2. In two enumerations of error, Wife contends that the trial court erred in applying the source of funds rule to the marital residence. First, she argues that the trial court erred when it determined that the entire increase in the net equity in the marital residence that was attributable to market forces was Husband's separate property. Second, she argues that the trial court erred in failing to account for the approximately $40,000 in marital funds that the parties spent on finishing and renovating the basement.

The source of funds rule is a method of equitable division that applies to a marital residence owned by one spouse prior to the marriage (the "titled spouse"). See *Horton v. Horton*, 299 Ga. 46, 50(1) (785 SE2d 891) (2016); *Crowder v. Crowder*, 281 Ga. 656, 658 (642 SE2d 97) (2007). To apply the source of funds rule, one must know

---

[1] It was undisputed at trial that a certain number of the shares were marital property that Husband agreed to split with Wife on a 50-50 basis. At the time of trial, the marital shares were worth approximately $56,000. The court made no award to Wife from Husband's UPS pension or 401(k) account and awarded Wife her whole life insurance policy.

the net equity in the residence at the time of the marriage (i.e., the fair market value minus any associated debt), which is the separate property of the titled spouse; the amount of marital property invested in the residence (e.g., through mortgage payments or payments for improvements to the residence); and the net equity in the residence at the time of the divorce. See *Horton*, 299 Ga. at 50(1); *Snowden v. Alexander-Snowden*, 277 Ga. 153, 154-55 (587 SE2d 54) (2003). The titled spouse has a separate property interest in the net equity in the residence at the time of the divorce equal to the ratio of his initial separate property contribution to the sum of that initial contribution and the total marital investment in the residence. See *Horton*, 299 Ga. at 50(1); *Thomas v. Thomas*, 259 Ga. 73, 76 (377 SE2d 666) (1989). That separate property interest is not subject to equitable division; only the remainder of the net equity is marital property subject to equitable division. See *Flory v. Flory*, 298 Ga. 525, 526 (783 SE2d 122) (2016); *Snowden*, 277 Ga. at 153.

Wife is correct that the trial court did not properly apply the source of funds rule to the marital residence. Instead, the court started with the increase in the net equity in the marital residence over the course of the marriage, which amounted to $310,000 ($350,000 - $40,000 = $310,000); ruled that of that $310,000 increase in net equity,

4

only the parties' $41,000 in mortgage payments was "a marital asset subject to equitable division"; found that the rest of the increase in the net equity ($310,000 - $41,000 = $269,000) was solely "a result of market forces"; and concluded that the increase in net equity due solely to market forces was "a non-marital asset not subject to equitable division." In other words, the court found that all of the increase in the net equity in the residence from market forces was attributable to Husband's initial separate property interest of $40,000 and that none of the increase in net equity from market forces was attributable to the parties' $41,000 in mortgage payments. But as a matter of law, "[b]ecause marital funds were used to reduce the indebtedness secured by the marital property, Wife was entitled to an equitable share of the net increase in the equity, whether resulting directly from those payments or indirectly from market forces." See *Hubby v. Hubby*, 274 Ga. 525, 526 (556 SE2d 127) (2001). Thus, the trial court erred in finding that the entire increase in the net equity in the marital residence attributable to market forces was Husband's separate property. See *Thomas*, 259 Ga. at 77 ("Concerning appreciation, if the house is thought of not as a single unit but as two monetary units, one separate and one marital, the analysis is simplified. ... [E]ach sum appreciated by the same rate as a result of market forces.").

5

The trial court also erred in not accounting for the approximately $40,000 in marital funds that the parties used to finish and renovate the basement of the marital residence. As noted above, in applying the source of funds rule to a residence owned by one spouse prior to the marriage, a critical input is the total marital investment in the residence. Here, the court did not address the approximately $40,000 in marital funds that the parties spent to transform the basement into a separate living space for Wife's parents and therefore did not correctly determine the total marital investment in the residence. Improper application of the source of funds rule is reversible error. See *Flory*, 298 Ga. at 526-27.

3. The trial court's errors in applying the source of funds rule to the marital residence — the primary asset at issue in the divorce — likely affected its equitable division of the marital estate as a whole. Accordingly, we must vacate the final decree to the extent that it addresses equitable division and remand the case with direction to make a new equitable division of the marital estate consistent with this opinion. See *Highsmith v. Highsmith*, 289 Ga. 841, 843(1) (716 SE2d 146) (2011).

*Judgment vacated in part and case remanded with direction. McFadden, P. J., and Hodges, J., concur.*

6