S04F1963. LERCH v. LERCH.
(608 SE2d 223)

FLETCHER, Chief Justice.

Donald and Barbara Lerch were married in 1994, and divorced in 2004. The Superior Court of Chatham County awarded the marital home to Husband, and, in accordance with the couple's prenuptial agreement, awarded Wife $100,000. Wife appeals, contending that the trial court erred in its decision to award the home to Husband. Because the trial court failed to properly treat the entire home as marital property, we reverse and remand to the trial court for a new equitable division of property.

During the marriage, the couple lived in a home on Skidaway Island in Savannah, Georgia that Husband had purchased prior to the marriage. In 1999, Husband executed and recorded a gift deed transferring ownership in the home property to both parties as "tenants in common" with right of survivorship. The trial court determined that as a result of the gift, half of the home qualified as marital property and the other half remained the Husband's separate property. The court then awarded the entire home to Husband, giving the portion of the home qualifying as marital property to Husband as his portion of the equitable division of marital property.

1. Normally, a gift to one spouse becomes the separate property

of the recipient spouse.[1] When a gift is given to the marital couple, however, the property will become marital property absent evidence of a contrary intent by the donor.[2] In this case, the Husband deeded the home to both his wife and himself, to be held as "tenants in common" with right of survivorship. In so doing, Husband manifested an intent to transform his own separate property into marital property.[3] Because both Husband and Wife then owned an undivided one-half interest in the property,[4] the entire home should have been treated as marital property. Accordingly, the trial court's decision to treat only one-half of the home as marital property must be reversed.

2. Husband contends, in the alternative, that Wife is precluded from making a claim for the marital home by virtue of the prenuptial agreement. In that agreement, Wife promised not to make any claims against Husband's property in the event of a divorce. Even if that agreement might have precluded Wife's claim before Husband executed the gift deed, however, it certainly did not preclude such a claim afterwards. Once Husband deeded the property to the marital couple, the property ceased to qualify as his separate property. Thus, Wife's claim against the property is not foreclosed by the prenuptial agreement.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Duffy & Feemster, Dwight T. Feemster*, for appellant.
*Barr, Warner & Pine, Karen D. Barr*, for appellee.

---

[1] *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982).

[2] See, e.g., *In re Marriage of Vrban*, 359 NW2d 420 (Iowa 1984) (where gift was given by husband's parents to the husband and wife "as a unit," gift is considered marital property). See also *Braly v. Braly*, 244 Ga. 773 (262 SE2d 94) (1979) (property acquired from proceeds of sale of property that was gifted from husband's parents to the marital couple is marital property).

[3] See *Goldstein v. Goldstein*, 310 So.2d 361, 366 (Fla. 1975) (gift from husband to husband and wife raised presumption that property qualified as marital). Compare *McArthur v. McArthur*, 256 Ga. 762 (353 SE2d 486) (1987) (interspousal gift of marital property remains marital property subject to equitable division).

[4] We make no decision regarding the effect of the survivorship language as it is not necessary to do so for any issue in this appeal.