## S04F2054. BROCK v. BROCK.
### (610 SE2d 29)

HUNSTEIN, Justice.

Gregory Brock (Husband) brought this divorce action against Elizabeth Brock (Wife). After a bench trial, the trial court entered a final judgment and divorce decree awarding them joint legal custody of their three minor children with Husband to be the primary physical custodian. Wife filed an application for discretionary appeal challenging on various grounds the trial court's property division and custody award. We granted her application pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Throughout the marriage, the parties lived in a home purchased by Husband prior to the marriage. In April 2000, Husband executed and recorded a warranty deed transferring ownership in the home to Wife in consideration for her "love and affection." At the final hearing, Husband claimed and the trial court agreed that Wife held the property in an implied resulting trust for Husband because he conveyed the property to Wife for the purpose of protecting it from potential future creditors. We disagree.

An implied trust is "a trust in which the settlor's intention to create the trust is implied from the circumstances, and which meets the requirements of Code Sections 53-12-90 through 53-12-93." OCGA § 53-12-2 (3). An implied resulting trust may arise where: (1) an express trust is created but fails for any reason; (2) a trust is fully performed without exhausting all of the trust property; or (3) a purchase money resulting trust is established. OCGA § 53-12-91. In this case, Husband presented no evidence that an express trust was created or that a trust was fully performed without exhausting all of the trust property. Thus, to prove his claim that the conveyance of the marital home to Wife gave rise to a resulting trust, Husband must overcome the presumption under Georgia law that the conveyance

was a gift. See OCGA § 53-12-92 (c) (gift presumed if payor of consideration and transferee are husband and wife). To rebut the presumption, Husband was required to prove by clear and convincing evidence, inter alia, that a resulting trust was contemplated by both parties by way of an understanding or agreement. See *Ford v. Ford*, 243 Ga. 763 (1) (256 SE2d 446) (1979) (testimony that husband placed house in wife's name to protect property from prospective creditors but intended to maintain joint interest therein insufficient to overcome presumption in absence of understanding or agreement with wife); *Scales v. Scales*, 235 Ga. 509 (220 SE2d 267) (1975) (evidence husband conveyed property to wife to protect it from potential creditors insufficient to rebut presumption of gift). The record in this case is devoid of any evidence of mutual intent to create a trust and Husband offered no evidence of a mutual understanding or agreement at the time the conveyance was made. Accordingly, the trial court erred in finding that Wife held the property in trust for Husband and awarding the marital home to Husband.

2. Wife also challenges the trial court's classification of a $400,000 payment from Husband's employer to Husband as a gift, thus excludable from the marital estate. During the marriage, Husband was employed by Quality Finishings, Inc., the sole shareholder and president of which was Husband's father, Charles Brock. In tax year 2000, Quality Finishings paid Husband, in addition to his regular salary, a $400,000 payment which the corporation classified on its tax return as compensation and deducted as a business expense. At trial, Husband's father testified that despite having paid the $400,000 through the corporation and taking a $400,000 deduction on the corporate tax return, the payment was intended as a gift from father to son. Relying solely on Mr. Brock's testimony, the trial court held that the $400,000 was a gift.

To constitute a valid gift under OCGA § 44-5-80, the donor must intend to give the gift, the donee must accept the gift, and the gift must be delivered. *Avera v. Avera*, 268 Ga. 4 (4) (485 SE2d 731) (1997). The burden is on the person claiming the gift to prove all essential elements. *Whitworth v. Whitworth*, 233 Ga. 53 (2) (c) (210 SE2d 9) (1974); *Hise v. Morgan*, 91 Ga. App. 555 (7) (86 SE2d 374) (1955).

Under the facts of this case, Husband failed to satisfy his burden of proving that the payment was intended as a gift. It is undisputed that Mr. Brock, after consultation with an accountant, intentionally caused the corporation to pay $400,000 to Husband as compensation from the corporation. Although at the time of the final hearing Mr. Brock testified that the $400,000 payment was a gift from father to son, both he and the corporate accountant admitted that the money

was paid to Husband by the corporation as compensation, the corporation prepared a Form 1099 identifying the payment as compensation, and Mr. Brock signed the applicable corporate tax return taking a $400,000 tax deduction for the monies paid to Husband. At no time did Mr. Brock or the corporation pay gift taxes on the $400,000 payment nor was a gift tax form prepared or filed reflecting the payment. It is also undisputed that Husband accepted the $400,000 as compensation, listed it as compensation on his year 2000 federal and state joint income tax returns and paid the taxes due thereon. Thus, the overwhelming evidence in this case, including the actions of Husband, his father, and the corporation, establishes that the $400,000 was not intended as a gift to Husband and the trial court erred in holding otherwise.

3. Wife contends the trial court erred in awarding primary physical custody of the children to Husband because Husband previously entered a plea to specific acts of family violence. Where a trial court exercises its discretion and awards custody to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). If there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion. *Jackson v. Jackson*, 230 Ga. 499, 500 (197 SE2d 705) (1973). Here, testimony from the final hearing demonstrates that both parents were fit and proper parents and each had a loving relationship with the children. Although Husband admitted hitting Wife and crashing into her car after learning of her extramarital affair, the trial court properly considered such evidence under OCGA § 19-9-3 (a) (3) in its custody determination. Inasmuch as there was evidence supporting the trial court's finding, we cannot say the trial court abused its discretion in awarding primary physical custody of the children to Husband.

4. We find no abuse of discretion in the trial court's decision not to award attorney fees to Wife. See OCGA § 19-6-2 (a).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Clifton M. Patty, Jr.,* for appellant.
*McDonald, Kinnamon & Thames, E. Crawford McDonald,* for appellee.