A07A1029. SLATER v. STATE OF GEORGIA EX REL. CATHY COX, SECRETARY OF STATE et al.

(653 SE2d 58)

SMITH, Presiding Judge.

Beverly Slater appeals from an order dismissing her appeal to the Superior Court of Fulton County from a cease and desist order issued by the Commissioner of Securities that also imposed a civil penalty in the amount of $45,360. Slater contends that the trial court erred by concluding that her appeal was untimely, because it was not filed within the 20-day deadline imposed by the Georgia Securities Act in OCGA § 10-5-17. According to Slater, her appeal was timely filed within the 30-day time period required by the Administrative Procedures Act for "contested cases." OCGA § 50-13-19 (b). We disagree and affirm.

1. OCGA § 10-5-17 (a) provides that "[a]n appeal may be taken from any order of the commissioner [of securities] resulting from a hearing held in accordance with Code Section 10-5-16 by any person adversely affected thereby to the Superior Court of Fulton County by serving on the commissioner, within 20 days after the date of entry of such order." The order appealed from falls within the scope of this Code section.

The parties agree that the order appealed from also falls within the scope of the Georgia Administrative Procedure Act provision mandating that petitions for review of a final decision of any state agency must be filed in superior court within 30 days. See OCGA § 50-13-19. We therefore must determine which of the applicable Code sections governs the time period within which Slater was required to file her appeal.

In *Village Centers v. DeKalb County*, 248 Ga. 177, 179 (3), n. 3 (281 SE2d 522) (1981), the Supreme Court listed the predecessor of OCGA § 10-5-17 as an example of a special statute that can shorten a general 30-day time period for appeal. This conclusion comports with the rule of statutory construction that "specific statutes govern over more general statutes." (Citation omitted.) *Glinton v. And R, Inc.*, 271 Ga. 864, 867 (524 SE2d 481) (1999). As a result, we find that the trial court did not err by applying the 20-day deadline imposed by OCGA § 10-5-17 (a). Since "[t]he proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the

appellate court," the trial court did not err in dismissing Slater's appeal. (Citation and punctuation omitted.) *Cooper v. Gwinnett County Bd. of Ed.*, 157 Ga. App. 289 (277 SE2d 285) (1981) (dismissing appeal to superior court from state Board of Education decision).

2. We find no merit in Slater's contention that the Secretary of State waived an issue of "venue" by raising it too late. A timely-filed appeal confers jurisdiction, see *Cooper*, supra, not venue, and cannot be waived. *Snyder v. Carter*, 276 Ga. App. 426, 427 (623 SE2d 241) (2005); *In re Estate of Thornton*, 275 Ga. App. 202, 203 (620 SE2d 410) (2005).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2007 —
RECONSIDERATION DENIED OCTOBER 5, 2007

*Browning & Smith, George T. Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Shereen M. Walls, William W. Banks, Jr., Oscar B. Fears III, Assistant Attorneys General*, for appellees.