S09F0808. COE v. COE.
(684 SE2d 598)

THOMPSON, Justice.

Plaintiff Donna Coe ("wife") and defendant William Coe ("husband") purchased a home in 1990, not long after they were married. Title to the property was placed jointly in their names. In 2006 wife filed an action for divorce, seeking an equitable division of marital property, child support, permanent custody of the parties' two children, and attorney fees. The jury returned a verdict in which it determined, inter alia, that the marital home should be divided equally. The trial court entered a final judgment and decree of divorce which required husband to obtain a new loan on the marital home, or appraise and sell the home, in either case dividing the net proceeds equally with wife after paying the balance owed on home loans. Following the denial of husband's motion for a new trial, husband sought discretionary review. This Court granted husband's

---

application for a discretionary appeal pursuant to the pilot project in domestic cases. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. The trial court instructed the jury as follows:

> Gifts of property between a husband and a wife during the marriage do not vest title in the other spouse so as to exclude that property from being divided in an equitable division of property. And, in that regard, I will tell you that if the payer of consideration and transferee of the property are a husband and a wife, a gift shall be presumed, but this presumption may be rebutted.

(a) Husband asserts the trial court erroneously instructed the jury that a gift between spouses during the marriage is subject to equitable division. In Georgia,

> [o]nly the real and personal property and assets acquired by the parties during marriage is subject to equitable property division. However, property acquired during the marriage by one spouse by gift, inheritance, bequest or devise [made by a nonspouse] remains the separate property of the recipient spouse, and is not subject to equitable division. If, however, the property is acquired by one spouse as the result of an interspousal gift of marital property, the property retains its status as marital property.

(Citation and punctuation omitted.) *Avera v. Avera*, 268 Ga. 4 (1) (485 SE2d 731) (1997); *McArthur v. McArthur*, 256 Ga. 762, 763-764 (353 SE2d 486) (1987). It follows that a spouse can make a gift of non-marital property to the marital unit, which transforms the separate property into marital property, subject to equitable division, *Lerch v. Lerch*, 278 Ga. 885, 886 (608 SE2d 223) (2005), and that the trial court's charge in this regard was correct.

(b) Husband also argues that the trial court erred in giving the presumption portion of this charge because it was based on OCGA § 53-12-92 (c), which deals with purchase money resulting trusts. Completing the argument, husband asserts that this case concerns equitable division of marital property, not resulting trusts. We disagree. The marital home was purchased after the parties were married and the deed was placed in the names of both husband and wife. Husband testified that he purchased the marital home with monies he received when he settled a personal injury claim. Based on this testimony, husband posits that the marital home was his separate property. Wife denied that the house was purchased with

husband's separate monies;[1] but, she argues, if it was, the monies were gifted to the marital unit.

In *Brock v. Brock*, 279 Ga. 119 (610 SE2d 29) (2005), husband claimed that wife held the home in an implied resulting trust for husband because he only conveyed legal title to wife. The trial court agreed, and in the course of dividing the marital assets, it awarded the marital home to husband. On appeal, wife challenged the trial court's decision and this Court reversed, finding that husband was unable to overcome the presumption under Georgia law that the conveyance was a gift.

Here, as in *Brock*, husband acknowledged that legal title to the marital home was put in his wife's (as well as his) name. Nevertheless, husband maintained that he had an equitable interest in the entire marital home. The gist of husband's position is that the conveyance of legal title to wife gave rise to an equitable trust — and was not a gift. Thus, the equitable division issue in this case is intertwined with the issues of gift and resulting trust and it cannot be said that the trial court erred in giving the presumption portion of the charge.

2. Finally, husband argues that the trial court erred in charging the jury that title to property "is not *a* determining factor" in equitable division of property. In this regard, husband points out that the Georgia Suggested Pattern Jury Instructions, Civil Cases, § 22.130 reads: "The fact that the property is titled in the name of one party or in the name of both parties is not *the* determining factor." (Emphasis supplied.) However, husband waived any objection to the charge because he failed to state distinctly the grounds of his objection before the jury returned its verdict. OCGA § 5-5-24 (a); *Hayden v. Sigari*, 220 Ga. App. 6, 11 (467 SE2d 590) (1996). Contrary to husband's assertion, the substitution of the word "a" for "the" was not so substantial or necessarily harmful as to warrant review when no exception was taken. See OCGA § 5-5-24 (c); *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547) (1988).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Martin L. Fierman*, for appellant.

---

[1] Wife testified that the monies came from insurance proceeds following the destruction of husband's and wife's mobile home.