## S11F1586. SHAW v. SHAW.

### (720 SE2d 614)

CARLEY, Presiding Justice.

Janette E. Shaw (Wife) and William D. Shaw (Husband) were married on June 28, 1968, and lived together until their separation on or about August 25, 2007. A divorce action was filed on March 3, 2009, and, pursuant to the terms of a pretrial order, the only issue for resolution was the equitable distribution of certain property, including unimproved real property in Marion County, Florida, that was received from a trust created by Husband's mother, two Morgan Stanley accounts established by Husband with inherited funds, and two deeded interests of 6.67% in an apartment complex that is currently involved in litigation. After a two-day bench trial, the trial court issued a final divorce judgment and decree that divided the Florida property and the two Morgan Stanley funds equally between the parties and made no disposition of the interests in the apartment complex, thereby leaving each party with his or her own 6.67% interest. Husband applied for discretionary appeal, and this Court granted the application pursuant to the Pilot Project then in effect in domestic relations cases. For current procedure see Supreme Court Rule 34 (4).

1. Husband contends that the trial court erroneously characterized the two Morgan Stanley accounts as marital property.

> "In general, the question of whether 'a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact.' (Cit.) Furthermore, '(t)he standard by which findings of fact are reviewed is the "any evidence" rule, under which a finding by the trial court supported by any evidence must be upheld.' (Cit.)" [Cit.]

*Miller v. Miller*, 288 Ga. 274, 280 (2) (705 SE2d 839) (2010). Since the accounts were established with funds he inherited from his mother, the accounts are not subject to equitable division, Husband argues, because " 'property acquired during the marriage by one spouse by gift, inheritance, bequest or devise (made by a nonspouse) remains the separate property of the recipient spouse. . . .' [Cits.]" *Coe v. Coe*, 285 Ga. 863, 864 (1) (a) (684 SE2d 598) (2009). However, while property inherited by one spouse during the course of the marriage begins as separate property, that property may be converted into a marital asset by the actions of the recipient spouse, such as the recipient spouse transferring full, partial, or joint ownership in the property to his spouse. See *Miller v. Miller*, supra; *Coe v. Coe*, supra; *Lerch v. Lerch*, 278 Ga. 885, 886 (1) (608 SE2d 223) (2005).

Husband opened the two Morgan Stanley accounts for the purpose of receiving the assets he had just inherited from his mother, and he established both accounts, from the outset, in the name of him and his wife,

> to be held as [joint tenants] with right of survivorship. In so doing, Husband manifested an intent to transform his own separate property into marital property. [Cits.] Because both Husband and Wife then owned an undivided one-half interest in the property, the [accounts were correctly] treated as marital property.

*Lerch v. Lerch,* supra. Husband contends that this principle should not apply in the present case since Wife never contributed to the value of either account and because the accounts were not commingled. However, whether or not these allegations are true, they do not vitiate the evidence that the accounts were transformed into marital property when Husband gave Wife an ownership interest in the property. Wife's name on the accounts certainly qualifies as any evidence supporting the trial court's finding of the accounts as marital property, and, thus, this enumeration is without merit.

2. Husband also contends that the trial court erred in finding that the real property located in Florida was marital property. To support this contention, Husband again argues that he inherited the property from his mother, that Wife has not contributed to the property's value, and that the property has not been commingled with other marital assets. However, when the property was inherited, Husband directed that it be deeded to him and Wife as tenants in common, thereby giving each party an undivided one-half interest in the property. As discussed above, such action by Husband constitutes some evidence that the Florida property was transformed into a marital asset. Therefore, this enumeration also is without merit.

3. Husband claims that the trial court erred by not giving him all of the couple's interest in an apartment complex. According to the record, Husband, Wife and Husband's brother bought a 20% interest in the property that was divided into three equal shares amounting to approximately 6.7% each. Therefore, with the purchase of the property, Wife acquired an ownership interest separate and distinct from Husband's. Moreover, " 'property acquired as a direct result of the labor and investments of the parties during the marriage is' " marital property. *Crowder v. Crowder,* 281 Ga. 656, 657 (642 SE2d 97) (2007). The interests in the apartment complex were bought during the marriage with marital funds, thereby causing them to be marital assets subject to equitable division.

Husband, however, contends that he should be granted Wife's

separate interest in the property since he, with his brother, instigated a legal action to enforce their interests in the property and has paid $20,000 in legal fees. Regardless of whether Husband's allegation would otherwise be sufficient to strip Wife of her ownership in the property, it is undisputed that Wife has been added as a third-party defendant and is represented by her own attorney in the litigation. Moreover, in the present case, the trial court, sitting as the factfinder, has broad discretion in determining the equitable division of the marital assets. See *Stanley v. Stanley*, 281 Ga. 672 (1) (642 SE2d 94) (2007); *Jones v. Jones*, 264 Ga. 169 (441 SE2d 745) (1994). Husband has not shown why Wife must pay for half of his legal expenses and in fact has conceded that he should not be forced to share in Wife's legal expenses. "Having reviewed the evidence considered by the trial court, we cannot say that [the] disposition constitutes an abuse of the broad discretion that it possessed in addressing the matter of the equitable division of any marital property. [Cit.]" *Stanley v. Stanley*, supra at 673 (1).

4. Finally, Husband claims that the trial court abused its discretion by announcing a prejudgment of the case prior to his presentation of evidence. Husband points to the following language spoken by the court after the conclusion of Wife's case-in-chief but before Husband's presentation of evidence:

I don't see why it shouldn't be divided 50-50. I mean nothing I've heard yet has convinced me otherwise. . . . I've not heard all the evidence. . . . I know you haven't had [Husband] on direct examination. But I've got a very good feel from this case. . . .

However, a comprehensive review of the hearing transcript shows that before the trial court made these statements, Husband testified extensively in Wife's case-in-chief as an adverse witness, and Husband's counsel thoroughly questioned Wife on cross-examination, and thus the trial court hardly could be accused of basing his statements on evidence presented only by Wife. Moreover, after reading the entire conversation between the trial court and Husband's counsel during which the statements above were made, it becomes apparent that the trial judge was only indicating the conclusion which he believed was supported by the evidence presented thus far. He repeatedly stated that he remained open to a different conclusion, and thus "it does not follow that [he] was unwilling to consider other evidence later presented by [Husband]." *In the Interest of C. S.*, 275 Ga. App. 562, 565 (2) (621 SE2d 483) (2005).

Furthermore, the prohibition against judges commenting on witness testimony is meant to apply to comments made by a judge in front of a jury, not to comments made by a judge in a bench trial, since the purpose behind the prohibition "is to prevent the jury from being influenced." [Cits.]

*In the Interest of C. S.,* supra at 566 (2). Since the trial court sat as the factfinder in the present case, it was not erroneous or improper for the judge to express aloud his opinions on the evidence as the trial progressed. The only person that the trial court could improperly influence with his comments was himself, and it would be inane to rule that the trial judge acted improperly by expressing aloud these opinions rather than keeping them secret. Thus, this enumeration also is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Charles C. Grile,* for appellant.
*Adam P. Cerbone,* for appellee.