297 Ga. 274
FINAL COPY

S15F0401. MALLARD v. MALLARD.

HINES, Presiding Justice.

Following the denial of her motion for new trial, as amended, and pursuant to Rule 34 (4) of this Court,[1] Alba Horacio Mallard ("Wife") was granted a discretionary appeal from the final judgment and decree of divorce ("Decree") dissolving her marriage to Kenneth Russell Mallard ("Husband"). The issue on appeal is whether the superior court erred by awarding Husband a 100% interest in the parties' marital home (the "Property").  For the reasons that follow, we reverse and remand.

This is the second marriage between the parties.[2]  They were first married in February 2010, and divorced in January 2011. Prior to their first marriage, on

---

[1] Supreme Court Rule 34 (4) provides:

> An application for leave to appeal a final judgment in cases subject to appeal under OCGA § 5-6-35 shall be granted when:
>
> . . .
>
> (4) The application is for leave to appeal a judgment and decree of divorce that is final under OCGA § 5-6-34 (a) (1) and timely under OCGA § 5-6-35 (d) and is determined to have possible merit.

[2] There are no children of the parties' marriages.

October 30, 2009, Wife acquired the Property; she was the only grantee in the limited warranty deed and the sole party listed as a mortgagor on the loan for the Property (the "Debt"). The parties' 2011 final divorce judgment and decree made no mention of an award of the Property or an award of any real estate.[3] Shortly after this first divorce, the parties resumed their relationship and largely lived together, and in April 2011, Wife executed a quitclaim deed transferring ownership in the Property to herself and to Husband, expressly as joint tenants with right of survivorship. See OCGA § 44-6-190.[4] The Property was not

---

[3] In that final judgment and decree, there is a single reference to the "marital residence" in the provision addressing "Marital Debts":

> It is ordered that any debt or liability that has been incurred by one party, which has not been specifically identified in any other provision herein, is acknowledged by that party, who shall pay each debt or liability in full. The party incurring the debt shall be solely responsible for any such debt or liability and the other party shall in no way be responsible for same, notwithstanding the marital debts set out herein concerning the *marital residence* and concerning the vehicles of the parties.

(Emphasis supplied.)

[4] OCGA § 44-6-190 provides in relevant part:

(a) Deeds and other instruments of title, including any instrument in which one person conveys to himself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills, taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint tenants with survivorship" or as taking "jointly with survivorship." Any instrument using one of the forms of expression referred to in the preceding sentence

2

refinanced to include Husband as a borrower.

The parties remarried on January 1, 2012. In April 2012, Husband paid off, with his separate funds, the Debt in the amount of $268,314. The parties again separated and Wife filed a complaint for divorce on January 15, 2013. In the divorce complaint, Wife asked to be awarded the Property on a temporary basis and 50% of its equity if Husband was to keep the Property. Subsequently in the divorce action, Wife did not object to Husband being awarded possession of the Property as she had purchased another home, but she asked that the Property be partitioned or that she be awarded 50% of its value. In fact, a consent order issued in which the parties agreed, inter alia, to add a count to the divorce complaint to petition the superior court to partition the Property pursuant to OCGA § 44-6-160,[5] to the extent that the Property or the equity

---

or language essentially the same as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime transfer of all or a part of his interest; provided, however, that, if all persons owning joint tenant interests in a property join in the same recorded lifetime transfer, no severance shall occur.

. . .

[5]OCGA § 44-6-160 provides:
   When two or more persons are common owners of lands and tenements, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements shall be divided, any one of such common owners may apply by petition to the superior court of the county in which such lands and tenements are located for

therein was determined to be premarital property. An appraisal of the fair market value of the Property on September 25, 2013, was $252,000.

Following a hearing, the superior court entered the Decree, which, inter alia, denied Wife's request to partition the Property, i.e., declined to give her any share of it, and awarded the Property entirely to Husband. In so doing, the superior court determined: at the time of the parties' remarriage, there was no equity in the Property; the outstanding balance of the loan on the Property, which Husband paid off from his separate funds, was higher than the fair market value of the Property a year after the payoff, thus, there was no accumulated equity; each party owned a 50% interest in the Property as the result of the Wife's deed to Husband; there was no evidence that Husband intended to make the payment of the Debt a gift to Wife or to the marital unit; and there was no marital investment in the Property. The superior court then applied the "source-of-funds" rule, quoting this Court's opinion in *Maddox v. Maddox*, 278 Ga. 606, 607 (1) (607 SE2d 784) (2004), for the proposition that "a spouse contributing

a writ of partition which shall set forth plainly and distinctly the facts and circumstances of the case, shall describe the premises to be partitioned, and shall define the share and interest of each of the parties therein. When the lands in question constitute a single tract situated in more than one county, the application may be made to the superior court of any of such counties.

non-marital property is entitled to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property."

The evidence supports a finding that initially the Property was considered by the parties to be the separate property of Wife,[6] but by her own hand, it was made the joint property of Wife and Husband. And, as joint tenants with right of survivorship, each party held an interest in the Property in part and potentially in whole. See *Williams v. Studstill*, 251 Ga. 466 (306 SE2d 633) (1983). Even so, the conveyance was made when the parties were not married, and generally only property and assets acquired by parties during marriage is subject to equitable property division in the divorce proceeding; however, if the non-marital property appreciates in value during the marriage and such appreciation results from the efforts of either or both spouses, the appreciation becomes a marital asset subject to equitable division. *Armour v. Holcombe*, 288 Ga. 50, 51-52 (1) (701 SE2d 169) (2010). And, the "source-of-funds" rule utilized by the

---

[6] There is no dispute that Wife obtained the Property prior to her first marriage to Husband, and that she was the sole mortgagor and named responsible party for the indebtedness, but she admits in her brief that Husband "made a down payment" on the Property at the time of purchase; however, there is no evidence that in the first divorce Husband claimed any interest in the Property, marital or otherwise.

superior court in this case is a method of equitable division, which as the superior court noted, entitles a spouse contributing non-marital property to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property; the remaining property becomes marital property and its value subject to equitable division. *Maddox v. Maddox*, supra at 607 (1).

In this case, there was no evidence of appreciation of the Property in regard to its fair market value during the parties' subsequent marriage; in fact, quite the contrary. Thus, appreciation of the fair market value of the Property fails to provide a basis for application of any method of equitable division, including the "source-of-funds" rule. But, Husband paid off the entire indebtedness on the Property during the parties' second marriage.[7] So a salient inquiry is the effect of this payment of the Debt, if any.

The superior court made the express finding that Husband's payment of the Debt was not a gift to Wife or to the marital estate; however, Husband's undisputed testimony was that he paid off the Debt in order for him and Wife

---

[7] There is also evidence that prior to such payoff, Husband contributed his separate funds to the monthly mortgage payments for the Property.

"to live a debt-free life as a married couple," and that it was his intent that they would both "have the benefit of those funds." Thus, there was the manifest intent to make the payment of the Debt a gift to the marital unit. See *Miller v. Miller,* 288 Ga. 274, 280 (2) (705 SE2d 839) (2010); *Lerch v. Lerch*, 278 Ga. 885 (1) (608 SE2d 223) (2005). Moreover, in circumstances involving conveyances of real property or the payment of certain funds between spouses, there has been the presumption in Georgia law that such a conveyance or payment is a gift and has the status of marital property. *Coe v. Coe,* 285 Ga. 863, 864-865 (1) (684 SE2d 598) (2009); *Brock v. Brock*, 279 Ga. 119 (610 SE2d 29) (2005). Consequently, even if the superior court wholly discounted Husband's uncontroverted testimony, which was against Husband's own interest, such a presumption remained. Accordingly, the superior court erred in its finding that Husband's payment of the Debt was not a gift to the marital estate. And, while unquestionably the "source-of-funds" rule as set forth in *Maddox v. Maddox* is a method of equitable distribution of *marital* property, it contemplates and weighs the contribution of separate property brought to the marriage against the entire non-marital and marital investment in the property. *Highsmith v. Highsmith*, 289 Ga. 841, 843 (2) (716 SE2d 146) (2011).

The distinction must be made between the Property itself, in which Wife originally had a premarital sole interest and later a premarital joint interest with Husband, and the Debt on the Property, the payment of which became a marital asset by virtue of Husband's gift to the marital unit. In this case, the parties asked the superior court to determine the parties' respective interests in the Property or the equity therein through statutory partitioning in conjunction with the court's equitable division of the parties' marital assets in the divorce proceeding. However, insofar as the superior court sought to statutorily partition the Property in accord with the prior consent order, statutory partitioning pursuant to OCGA § 44-6-160 applies only to tenants in common, not to joint tenants with a right of survivorship.[8] *Wallace v. Wallace*, 260 Ga. 400 (396 SE2d 208) (1990).

---

[8] It should be noted that in cases in which there is a petition for statutory partition, the trial court has the discretion to instead apply equitable partitioning principles pursuant to OCGA § 44-6-140, "if the circumstances of the case warrant the assumption of equitable jurisdiction." *Ononye v. Ezeofor*, 287 Ga. 201, 202 (2) (695 SE2d 234) (2010), citing *Ransom v. Holman*, 279 Ga. 63, 64 (1) (608 SE2d 600) (2005). And in certain instances, an action for equitable partitioning has been entertained in regard to property held by joint tenants with right of survivorship. See, e.g., *Mobley v. Sewell*, 226 Ga. App. 866 (487 SE2d 398) (1997); see also *Mercurio v. Headrick*, 983 So.2d 773 (Fla. App. 1 Dist., 2008); *Haddad v. Hester*, 964 So.2d 707 (Fla. App. 3 Dist., 2007); *Bednar v. Bednar*, 455 Pa. Super. 487 (688 A2d 1200) (Pa. Super., 1997); *Eldredge v. Gourley*, 505 F2d 769 (C.A. Pa. 1974). However, the issue is not extant in this appeal because there is no indication in the superior court's award that it employed equitable partitioning.

This Court is mindful that the equitable division of marital property is at the discretion of the trier of fact, and such discretion is broad. *Zekser v. Zekser*, 293 Ga. 366, 367 (1) (744 SE2d 698) (2013). So too, an equitable division of marital property does not necessarily mean an equal division, but rather a fair one, and in making such determination, the trier of fact should consider all of the relevant circumstances. Id. Consequently, as to any equitable division of the marital asset of the retired Debt on the Property, the superior court was authorized to consider circumstances in this case, which include that Husband made the down payment on the Property, held a joint tenancy of the Property, contributed to the monthly mortgage payments for the Property, and ultimately paid off the entire indebtedness on the Property, which was more than the Property's then fair market value. Nevertheless, the superior court's ultimate award of the Property, and consequently its value, solely to Husband was premised, in whole or in part, upon its unsupported factual finding that the payment of the Debt on the Property was not a gift to the marital unit and upon its misapplication of the expressly cited "source-of-funds" rule, which, as noted, is a method of equitably distributing marital assets. Consequently, the judgment of the superior court is reversed and the case remanded to that court

9

for proceedings consistent with this opinion.

Judgment reversed and case remanded. All the Justices concur.


Decided June 1, 2015.

Domestic relations. Rockdale Superior Court. Before Judge Irwin.

James K. Luttrell, for appellant.

Kenneth R. Mallard, for appellee.