In the Supreme Court of Georgia

Decided:  February 22, 2016

S15F1331.  FLORY v. FLORY.

HUNSTEIN, Justice.

Pursuant to Supreme Court Rule 34 (4), we granted the application for discretionary appeal filed by Appellant Peter John Flory ("Husband") seeking leave to challenge the final judgment and decree effectuating his divorce from Appellee Lucie Wheeler Flory ("Wife").  Husband contends that the trial court erroneously awarded Wife certain assets as separate, non-marital property.  We agree that the trial court erred in its division of property, and we therefore reverse and remand.

The parties were married in November 1993, and Wife filed her complaint for divorce in November 2013.  During a subsequent bench trial, Husband and Wife each claimed that certain assets should be classified as separate, non-marital property.  Among other things, Wife sought to recoup the value of certain stocks, which she owned prior to the marriage, that were liquidated for the purpose of purchasing a marital residence, while Husband sought credit for

funds advanced by his mother that were used to make improvements on that residence. The trial court acquiesced to the respective parties' classification of the property on the basis that equity dictated such an outcome. Relying on the maxim that "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action," the trial court reasoned that Husband and Wife's respective claims to separate property were "on equal footing" and, thus, could all be similarly granted. The parties agree on appeal that the trial court's reliance on the above-quoted maxim was misplaced.

In order to equitably divide marital property, the trial court must first classify the disputed property as either marital or non-marital. See Thomas v. Thomas, 259 Ga. 73, 75 (377 SE2d 666) (1989). "Whether an item of property can *legally* constitute a marital asset is a question of law for the court, and whether a particular item of property *actually* constitutes a marital asset may be a question of fact for the trier of fact to determine from the evidence." Jones-Shaw v. Shaw, 291 Ga. 252, 252-253 (1) (728 SE2d 646) (2012). "[O]nly the real and personal property and assets acquired by the parties during marriage is subject to equitable property division." Moore v. Moore, 249 Ga. 27, 28 (2)

(287 SE2d 185) (1982).  Property that once may have been separate – such as gifts, inheritances, or pre-marital property – may be converted into a marital asset if a spouse takes action manifesting an intent to transform that separate asset into marital property.  See Shaw v. Shaw, 290 Ga. 354 (1) (720 SE2d 614) (2012) (investment accounts established with inherited funds transformed into marital property when husband gave wife ownership interest in the accounts); Coe v. Coe, 285 Ga. 863 (1) (684 SE2d 598) (2009) (residence purchased with money awarded to husband from personal injury action could be deemed marital property where it was purchased during the course of the marriage and deeded in the names of both spouses).  A spousal gift of non-marital property to the marital unit transforms the separate property into marital property and makes it subject to equitable division.  Lerch v. Lerch, 278 Ga. 885 (1) (608 SE2d 223) (2005).

On the other hand, assets deemed separate property are not subject to equitable division, nor is the appreciation of those assets marital property where that appreciation is solely attributable to market forces; however, any appreciation of separate property resulting from the efforts of either or both spouses becomes a marital asset subject to equitable division.  See Avera v.

3

Avera, 268 Ga. 4 (1) (485 SE2d 731) (1997). Likewise, under the "source of funds rule," a spouse contributing non-marital assets towards the acquisition of property is entitled to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property. Maddox v. Maddox, 278 Ga. 606 (1) (604 SE2d 784) (2004). The remaining portion of the property is marital property, subject to equitable division, allowing the contributing spouse and the marital unit each to receive a proportionate and fair return on the respective investments. Id.

The trial court failed to apply any of these well-established legal principles in apportioning the property between the parties. While the trial court purported to make legal and factual conclusions regarding the assets in question, it actually did no such thing, but rather simply concluded, as a matter of "equity," that each party was entitled to the property respectively claimed as separate property. The trial court's failure here to apply the relevant legal principles is reversible error. See Horsley v. Horlsey, 268 Ga. 460 (490 SE2d 392) (1997). Accordingly, we reverse and remand for the application of the appropriate legal principles in the trial court's division of property.

Judgment reversed and case remanded. All the Justices concur.

4