**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 9, 2019**

# In the Court of Appeals of Georgia

A19A1179. DIXON v. DIXON.

GOBEIL, Judge.

We granted Rhonda May Dixon's (the "wife") application for discretionary appeal of the trial court's grant of partial summary judgment in favor of Richard Alan Dixon (the "husband") in the parties' underlying divorce proceeding. The issues on appeal are whether the trial court erred in concluding as a matter of law that (1) the husband's unallocated personal injury settlement constituted non-marital property; and (2) the residence purchased with the settlement funds constituted non-marital property. For the reasons that follow, we affirm in part and reverse in part the grant of partial summary judgment in favor of the husband.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c). We review the grant of a motion for summary judgment de novo, "view[ing] the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

So viewed, the record shows that the wife and husband were married in 2007. In 2011, the parties filed for Chapter 13 bankruptcy. The husband sustained injuries in a car accident in 2015 and was hospitalized for 31 days. The wife ceased working in order to care for the husband after the accident. The husband did not file suit against the parties allegedly responsible for the car accident. Instead, the matter was settled outside of court for $1,000,000. The settlement documents, which were signed by the husband, but not the wife, stated that, in consideration for the $1,000,000 payment, the husband agreed that the settlement constituted "full and final satisfaction of all the claims" he had against the alleged tortfeasors. After deductions for attorney fees, court costs, a disability policy lien, and certain medical expenses, the husband netted $595,380.27 from the settlement. Portions of the settlement were used to pay outstanding debts owed by the parties in their bankruptcy proceeding. In

2

addition to the settlement, in 2016, the husband received $49,192.16 from his long-term disability insurance provider. In March 2016, the husband used approximately $240,000 of the funds from the settlement to purchase a home for the parties (the "residence"). The residence was titled jointly to both parties as joint tenants with the right of survivorship.[1]

Approximately 14 months after the purchase of the residence, the husband filed suit for divorce in May 2017. The husband moved for partial summary judgment, arguing that the trial court should classify the personal injury settlement proceeds as non-marital property, and that the court should classify the residence as non-marital property not subject to equitable division. Alternatively, the husband argued that if the court considered the residence as marital property, it should apply the "source of funds" rule to entitle each spouse to an interest in the property in proportion with that spouse's contribution of non-marital assets toward the acquisition of the residence. In support of his motion, the husband filed several exhibits, including the settlement documents, the parties' 2015 and 2016 tax returns, and a transcript of the temporary

---

[1] Both the wife and the husband signed the HUD-1 settlement statement in connection with the purchase of the residence.

hearing held below. The wife responded to the motion, and filed an affidavit in support thereof.

Following a non-evidentiary hearing on the motion for partial summary judgment, the trial court granted the motion. The trial court concluded that the personal injury settlement proceeds must be deemed non-marital property because they compensated the husband for the pain, suffering, and disfigurement that the husband sustained as a result of the accident. The trial court concluded that the settlement award was not intended to compensate the husband for his lost wages because he separately received a payment from his long-term disability insurance provider for his inability to work. Reasoning that the wife was not a named beneficiary in the award, the trial court determined that the settlement was not intended to compensate the wife for loss of consortium. The trial court thus concluded that the settlement award was the husband's separate property.

The trial court next evaluated whether the husband converted his separate property into marital property by putting the title of the residence under both parties' names. The trial court determined that the husband converted a portion of his non-marital settlement proceeds into marital property by titling the residence in both parties' names. Then, applying the "source of funds" rule, the trial court found that,

because the source of the funds for the purchase of the residence was the husband's separate property, the residence was non-marital property and thus not subject to equitable division as a matter of law. This appeal followed.

1. The wife argues that there is a genuine issue of material fact as to whether the proceeds from the settlement agreement constitute marital property. Specifically, she contends that the settlement was clearly intended to compensate the marital unit for losses sustained, and therefore susceptible to the inclusion of lost earning capacity, lost wages, and loss of consortium. We agree that a question of fact remains on the issue of whether the settlement was intended to compensate the marital unit for losses sustained, and reverse the grant of summary judgment on this issue. However, we affirm the trial court's finding that the settlement was not intended to compensate the wife for her loss of consortium.

In order to divide marital property on an equitable basis, a trial court must first classify property as marital or non-marital. *Flory v. Flory*, 298 Ga. 525, 526 (783 SE2d 122) (2016). "A personal injury claim settlement, to the extent that it represents compensation for pain and suffering and loss of capacity is peculiarly personal to the party who receives it" and thus not subject to equitable division. *Campbell v. Campbell*, 255 Ga. 461, 462 (339 SE2d 591) (1986). In determining whether a

5

personal injury award is marital or non-marital property, Georgia courts utilize the so-called "analytical approach." *Hardin v. Hardin*, 301 Ga. 532, 534 (801 SE2d 774) (2017). This approach requires courts to

> focus[] on the elements of damages the particular award was intended to remedy or, stated another way, the purpose of the award. States subscribing to this approach acknowledge that damage awards may be separated into three different components: (1) compensation for the injured spouse for pain and suffering, disability, and disfigurement, (2) compensation for the injured spouse for lost wages, lost earning capacity, and medical and hospital expenses, and (3) compensation for the uninjured spouse for loss of consortium.

Id. (citation and punctuation omitted). Compensation for the injured spouse's pain and suffering is considered that spouse's non-marital property. *Dees v. Dees*, 259 Ga. 177, 178 (377 SE2d 845) (1989). Similarly, compensation for "loss of consortium is not an asset of the marriage but is the estate of the spouse who suffered the loss of consortium." *Campbell*, 255 Ga. at 462. However, to the extent that the settlement amount represents compensation for medical expenses[2] or lost wages during the

---

[2] The husband concedes that the settlement allocated $275 toward the payment of medical expenses.

marriage, the settlement may be considered an asset of the marriage. *Hardin*, 301 Ga. at 535.

Here, the settlement documents allocate portions of the $1,000,000 award toward the payment of numerous obligations, including attorney fees and satisfaction of the parties' bankruptcy case. The settlement also includes several undifferentiated advances to the husband via check and wire transfer. The husband has not tendered evidence, either through affidavits or otherwise, as to the purpose of the settlement, and the settlement documents are silent as to this issue. The husband has failed to cite authority for the proposition that the payments under the terms of his disability insurance policy preclude a finding that at least some portion of the settlement was intended as compensation for lost earnings. Construed most favorably to the wife as the nonmovant, we conclude that a genuine issue of material fact remains as to whether the proceeds from the settlement agreement constitute marital property. See *Johnson v. Johnson*, 259 Ga. 658, 660 (1) (b) (386 SE2d 136) (1989) (holding that "the allocation of individual and marital assets within [a personal injury claim] settlement, and the determination of the parties' respective entitlements to those payments constituting marital assets, are questions of fact for the trier of fact[]").

Conversely, with regard to the wife's loss of consortium claim, summary judgment was proper. "A claim for loss of consortium is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship, and conjugal affection of the spouse." *Thompson v. Allstate Ins. Co.*, 285 Ga. 24, (673 SE2d 227) (2009). In support of her contention that the settlement was intended as compensation for her loss of consortium, the wife submitted an affidavit that she understood the settlement funds were intended to compensate her for loss of consortium. However, "[t]he testimony of a respondent on summary judgment is to be construed against her where it is self-serving, contradictory, vague, or equivocal." *Anglin v. Harris*, 244 Ga. App. 140, 142 (1) (534 SE2d 874) (2000). Likewise, self-serving and conclusory affidavits are insufficient to create an issue for trial. *Foster v. Ramsey*, 245 Ga. App. 118, 119 (1) (536 SE2d 550) (2000). Here, the settlement documents reveal that the wife was not a party to the settlement. She did not sign the release, and the settlement payments were made payable to the husband only. Furthermore, there is no evidence that she filed or intended to file a claim for loss of consortium against the alleged tortfeasors. At most, the wife's affidavit "raises merely a conjecture or possibility" that the settlement was intended to compensate her separately for loss of consortium, and is

8

therefore insufficient to withstand the husband's motion for summary judgment. *Constr. Lender v. Sutter*, 228 Ga. App. 405, 408 (1) (b) (491 SE2d 853) (1997). Under these circumstances, the trial court did not err in determining as a matter of law that the settlement was not intended to compensate the wife for loss of consortium.

2. The wife contends that the husband's spousal gift of non-marital property to the marital unit transformed the separate property into marital property, thus subjecting it to equitable division. She asserts that the trial court erred in applying the source of funds rule to re-classify the property as the husband's separate property. The wife maintains that any equitable division of the marital property is not appropriate at the summary judgment stage, and that such division is a material fact for the fact-finder to determine after an evidentiary hearing. We agree that the trial court erred in its application of the source of funds rule to the facts of this case.

In its order granting the husband's motion for partial summary judgment, the trial court concluded that the husband's purchase of the residence constituted a gift to the marital unit, thereby converting his separate property into marital property. The trial court then determined that, because the husband had purchased the residence with his separate property, the under the source of funds rule, the husband was entitled to the residence.

9

"Property that once may have been separate–such as gifts, inheritances, or pre-marital property–may be converted into a marital asset if a spouse takes action manifesting an intent to transform that separate asset into marital property." *Flory*, 298 Ga. at 526. "A spousal gift of non-marital property to the marital unit transforms the separate property into marital property and makes it subject to equitable division." Id. Georgia law presumes that an inter-spousal transfer of separate property is a gift and therefore the property becomes marital property. *Mallard v. Mallard*, 297 Ga. 274, 277-278 (773 SE2d 274) (2015).

Here, the husband used part of the settlement proceeds to fund the purchase of a home for the couple. The husband and wife signed the HUD-1 settlement statement, and the property is deeded to the husband and wife as joint tenants with a right of survivorship. Absent evidence of a contrary intent by the donor, a spouse's gift of separate property to the marital unit as tenants in common with right of survivorship transforms the donor's property from separate property into marital property. *Coe v. Coe*, 285 Ga. 863, 864 (1) (a) (684 SE2d 598) (2009); *Lerch v Lerch*, 278 Ga. 885, 886 (608 SE2d 223) (2005). According to the wife's testimony at the temporary hearing and her affidavit, she understood the property was a gift to the marital unit. The husband did not file a competing affidavit, nor did he testify at the temporary

10

hearing, or otherwise offer contrary testimony on this issue. Accordingly, the undisputed evidence establishes that the residence is marital property subject to equitable division. *Lerch*, 278 Ga. at 886 (1).

The "source of funds" rule, which is a method of equitable division, provides that a spouse contributing non-marital funds toward the acquisition of property "is entitled to an interest in the property in the ratio of the non-marital investment to the total non-marital and marital investment in the property." *Maddox v. Maddox*, 278 Ga. 606, 607 (1) (604 SE2d 784) (2004). Under this rule, the spouse who contributes non-marital funds and the marital unit that contributes marital funds each receive a proportionate and fair return on their investment. Id. A typical application of this rule involves the equitable division of the parties' respective interests in a marital home which was brought to the marriage by one spouse as his or her separate property. See e.g., *Hubby v. Hubby*, 274 Ga. 525, 526 (556 SE2d 127) (2001) (under proper application of source of funds rule, wife entitled to an equitable share of net increase in equity to the marital home); *Horsley v. Horsley*, 268 Ga. 460, 460 (490 SE2d 392) (1997) (reviewing trial court's application of the source of funds rule to apportionment of "the parties' respective interests in a marital home which was brought to the marriage"); *Thomas v. Thomas*, 259 Ga. 73, 77 (377 SE2d 666) (1989)

11

(holding that source of funds rule should have been applied to increase in value of marital home and principal reduction during the marriage where wife had contributed some of her separate funds to the purchase of the home and the property had appreciated during the marriage).

Here, the trial court correctly classified the residence as marital property based on its conclusion that the residence was a gift to the marital unit, a finding which the husband does not challenge on appeal.[3] However, our case law does not provide for the use of the source of funds rule to re-classify marital property as non-marital. Accordingly, upon its determination that the residence constituted a gift to the marital unit, the trial court erred in applying the source of funds rule to re-classify the residence as the husband's separate property.

*Judgment affirmed in part and reversed in part. Dillard, P. J., and Hodges, J., concur.*

------

[3] On appeal, the husband does not challenge the trial court's determination that his purchase of the residence constituted a gift to the marital unit. Although the husband contends the trial court adopted his "alternative argument" that the source of funds rule applied to classify the residence as separate property, we note that counsel for the husband prepared the order now on appeal, and the order does not contain language regarding an "alternative argument."